JAMES NEWELL *vs.* PETER FISHER, Receiver, &c.

To authorize a party to sue at law he must have the legal title to the thing in controversy.

A receiver can only sue where he has in himself the legal title, or in the name of the party having such title. *Held*, that F. by the amendments of his declaration, abandoned the character in which he brought his suit, and virtually discontinued the original action.

IN error from the circuit court of Attala county; Hon. Robert C. Perry, judge.

*D. Mayes*, for plaintiff in error.

*J. B. Hemphill*, on the same side.

*W. R. Miles*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error, as administrator of the estate of Geo. Fisher, deceased, on the 23d of April, 1844, commenced his action of assumpsit, founded on a promissory note for $1,002, against the plaintiff in error, in the circuit court of Yazoo county.

The venue was changed to Attala county, and at the March term of 1850 of the circuit court of that county, the declaration, writ, and other proceedings were amended by changing the character of the plaintiff below, from that of administrator of the estate of Geo. Fisher, deceased, to that of Peter Fisher, receiver of the assets and property of the late firm of George Fisher & Co., appointed by the superior court of chancery of the State of Mississippi, in the case of *James Dick, Henry R. W. Hill*, and *William J. McLain*, surviving partners of the late firm of *N. & J. Dick & Co.*, v. *Peter Fisher*, administrator, &c. of George Fisher, deceased, *William Armour*, and *Henry Loke*, surviving partners, &c.

This error is too palpable to require the citation of authority, or the least examination. To authorize a party to sue at law,

he must have the legal title to the thing in controversy. A receiver can only sue where he has in himself the legal title, or in the name of the party having such title. The plaintiff in this case may have had the legal title to the note as administrator, &c.; by the amendment, however, he has abandoned that character, and virtually destroyed the original action. If he had the legal title as administrator, he should have retained this character on the record; and the amendment was wholly unnecessary, as the court, under whose appointment he acts, can compel him to perform his duty without the aid of a court of law, in accounting for the assets rightfully in his hands.

Judgment reversed, and cause remanded.