# C. W. WITTERS, RECEIVER OF THE FIRST NATIONAL BANK OF ST. ALBANS v. EDWARD A. SOWLES.

## Chancery. Amendment. Jurisdiction of Suit in favor of U. S. Banks.

1. In chancery the complainant may have leave to amend during the pendency of a demurrer.

2. The condition of the mortgage was to pay the petitioner a certain note, and also to pay all sums that might then or afterwards be due the depositors or creditors of the petitioner. *Held*, that pending demurrer for want of parties, the petitioner was properly allowed to amend by striking out the words referring to depositors and creditors.

3. The defendant took and assigned to the petitioner one of the leases in suit as executor. The petition averred that he was the owner of the lease. *Held*, that on demurrer it did not appear that any other party was beneficially interested in the lease, and therefore a necessary party.

4. This court has jurisdiction to foreclose a mortgage given to and owned by a national bank in process of liquidation.

The questions here decided arose upon four petitions of foreclosure brought by the Receiver of the First National Bank of St. Albans against Edward A. Sowles. The first three of said petitions were for the foreclosure of mortgages of real estate; the fourth for the foreclosure of five leases given to the said Sowles and by him conditionally assigned to the petitioner.

The condition of all the mortgages was the same and was as follows:

" The said Sowles shall well and truly pay, or cause to be paid unto the said First National Bank of St. Albans and its successors or assigns, one certain note in writing bearing date January 14th, 1884, for five thousand dollars, payable six months after date to E. A. Sowles or order, at the First National Bank of St. Albans, with interest, and signed by B. C. Hall, and endorsed demand and notice waived, E. A. Sowles; also shall pay or cause to be paid all sums now due or that may hereafter be due to depositors and creditors of said bank."

And was fully set out in all the petitions.

The defendant demurred to the several petitions, for that the depositors and creditors of said bank were necessary parties. Thereupon, and pending the demurrer, the petitioner moved to strike out the words "also to pay or cause to be paid all sums then due, or that might become due thereafter to depositors and creditors of said bank."

One of the leases was given to "Edward A. Sowles, executor," and was assigned by him as executor to the bank. The defendant claimed that this could not be matter of foreclosure against him as an individual.

The defendant also moved to dismiss for want of jurisdiction in that, the petitioner, being a national bank in process of liquidation, the federal courts had exclusive jurisdiction.

Powers, Chancellor, at the September Term, 1887, allowed the amendment, overruled the demurrer and motion to dismiss, and gave a decree for the petitioner, from which the defendant appealed.

*C. W. Witters,* for the petitioner.

The amendment was properly allowed pending the demurrer. Ald. Eq. Pl. & Pr., 129; *Smith* v. *Babcock*, 3 Sumner, 583; *Cunningham* v. *Pell*, 6 Paige, 655; Rules of the Court of Chancery of Vermont, Nos. 11 and 43.

This is not one of the cases in which the statutes of the United States give exclusive jurisdiction to the federal courts, hence this court may take jurisdiction. R. S. U. S. ss. 711, 5237; and s. 629; see proviso 4th sec. Act of July 12, 1882, and s. 4, Act of March 3, 1887; *Cadle* v. *Tracy*, 11th Blatchf. 101; *Kennedy* v. *Gibson*, 8 Wall. 498.

*E. A. Sowles,* for the defendant.

This court has no jurisdiction. R. S. U. S. 629, cl. 3, 568, ch. 3; *Stanton* v. *Wilkinson*, 8 Fed. 33; *Kennedy* v. *Gibson*, 8 Wall. 19; St. Eq. Pl., 47.

Witters *v.* Sowles.

The opinion of the court was delivered by

TAFT, J. 1. The first objection made by the defendant to the decree is that the court has no power to permit the petitioner to amend the petition after the demurrer had been filed. Such permission in respect of time was not error. Rules in Chancery, Nos. 11 and 43.

2. Was the amendment properly permitted? The condition of the mortgage, as set forth in the petition, was that the defendant should pay to the First National Bank, its successors or assigns, certain promissory notes, and also pay or cause to be paid all sums then due or that might thereafter become due to the depositors and creditors of said bank. The Chancellor permitted the orator to amend his bill by striking out that clause of the condition providing for the payment of all sums due the depositors and creditors of the bank. We are unable to see any error in the action of the Chancellor. The petitioner had the right by permission of the Chancellor to set forth in the petition whatever claims he chose and in such manner as he desired. What the legal effect of his allegations might be was not material, provided the amendments asked for did not appear immaterial or frivolous, and was not a fact which should have determined whether the amendment should have been permitted or denied. This court examines the "errors found or assigned" in the decree below, and to warrant a reversal, error must be shown; in respect to the amendment, none appears. The defendant concedes that if the amendments were proper, the questions, whether depositors and creditors should be cited in, and the power of the receiver to waive doubtful claims, do not arise. We therefore do not consider them.

3. The defendant claims that the petitions should be dismissed because they are not signed. The copies furnished the court show they were signed.

4. It is further claimed that it appears the defendant held the property mortgaged, as executor, or, in a representative capacity, and this was known to the orator at the time of the

execution of the mortgages, and therefore the beneficiaries are necessary parties. The only reference to the defendant as executor is in the petition to foreclose the mortgage or pledge of the leases, where it is alleged that in one of the leases he described himself as executor. This is merely descriptive of the person. There is no allegation that he was or is an executor, nor that any estate, nor other person was interested in the lease, but on the contrary, it is distinctly alleged that the defendant was the owner of the lease, which being admitted by the demurrer, no other party, in respect of this question, was necessary.

5. Has the court jurisdiction? The proceeding is one to foreclose a mortgage given to a national bank; the latter having become insolvent, the suit is instituted by the Receiver. It is his duty to collect the assets of the bank and pay the proceeds to the United States treasurer; in the collection of debts, we think he may invoke the aid of any court having jurisdiction in other respects. The administration of the law relating to the settlement of the affairs of insolvent national banks is, in no manner, involved. Suits for the collection of such debts are not within any of the classes of cases in which the courts of the United States have exclusive jurisdiction, and if the latter have jurisdiction, it is concurrent with the State courts.

*Decree affirmed and cause remanded.*

Royce, Ch. J., did not sit, being a depositor in the First National Bank. Rowell and Tyler, JJ., concur.