JESSIE L. WOOD *vs.* H. P. AUGUSTINS.

January Term, 1898.

Present: TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*U. S. Constitution Art. IV, § 1—Conclusiveness of Judgment in a Sister State.*

In an action of debt upon a judgment rendered in a sister state, it is competent for the defendant to contradict and impeach the judgment by proof that he was not served with process and was not an inhabitant of that state and that the attorney who professed to appear for him had no authority to do so.

The early decisions in this State to the contrary, which followed *Mills* v. *Durgee,* 7 Cranch 481, must yield to the construction placed upon the federal constitution by later decisions of the supreme court of the United States.

DEBT ON JUDGMENT. Trial by court at the September Term, 1896, Washington County, *Taft,* J., presiding. The testimony offered by the defendant was excluded *pro forma;* the defendant excepted and the cause was passed to this court before final judgment.

*John W. Gordon* for the defendant cited *Thompson* v. *Whitman,* 18 Wall. 457; *Starbuck* v. *Murray,* 5 Wend. 156;

*Aldrich* v. *Kinney*, 4 Conn. 380; *Christmas* v. *Russell*, 5 Wall. 290; *Mackay* v. *Gordon*, 34 N. J. L. 286; *Price* v. *Ward*, 1 Dutch 225; *Woulin* v. *Ins. Co.*, 4 Zab. 222; *D'Arcy* v. *Ketchum*, 11 How. 165; *Harris* v. *Hardeman*, 14 How. 334; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Secombe* v. *Ry. Co.*, 23 Wall. 108; Bigelow on Est. 234, 235; *Carleton* v. *Bickford*, 13 Gray 591: 74 Am. Dec. 652; *Borden* v. *Fitch*, 15 Johns. 121: 8 Am. Dec. 225: 1 Gr. Ev. § 286 n. A.

*Richard A. Hoar* for the plaintiff.

A judgment conclusive in the state where it was rendered is equally conclusive in every state of the Union. *Christmas* v. *Russell*, 5 Wall. 290; *Ins. Co.* v. *Harris*, 97 U. S. 331; *Newcomb* v. *Peck*, 17 Vt. 303; *St. Albans* v. *Bush*, 4 Vt. 58; *Hoxie* v. *Wright*, 2 Vt. 264; *Dimick* v. *Brooks*, 21 Vt. 569; *Lapham* v. *Briggs*, 27 Vt. 27; *Fullerton* v. *Horton*, 11 Vt. 425; *Bank* v. *Wooster*, 29 Vt. 332.

START, J.    The action is debt on a judgment rendered by the superior court for the county of Kennebec in the state of Maine.   The record of this judgment discloses sufficient facts to give that court jurisdiction.   It recites that the defendant was a resident of the state of Maine at the time judgment was rendered; that the process was served upon him personally; and that he appeared by attorney.   This record was received in evidence by the court below, and, thereupon, the defendant sought to contradict the facts recited therein which related to the jurisdiction of the court, and offered to show, by parol, that he was not a resident of the state of Maine at the time the judgment was obtained; that process was not served upon him; and that he made no appearance in the cause, either by himself or by attorney.   The court *pro forma* excluded the evidence, and the defendant excepted.

Article 4, § 1, of the constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.   And the congress may by general law prescribe the manner in which such acts, records and

proceedings shall be proved, and the effect thereof. Congress, by act of May 26th, 1790, now embodied in § 905 of the Revised Statutes of the United States, after providing the mode of authenticating the acts, records and judicial proceedings of the states, declares: "And the said records and judicial proceedings authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken." It has been held in this State that this act, in connection with the constitutional provisions which it was intended to carry out, had the effect to render the judgments of each state equivalent to domestic judgments in every other state, or, at least, they have been given the same effect that they had in the states where they were rendered. No distinction appears to have been made between questions affecting the merits of the judgment and those affecting the jurisdiction of the court rendering them. Such is, in effect, the holding in *Hoxie* v. *Wright*, 2 Vt. 263; *Boston India Rubber Factory* v. *Hoit*, 14 Vt. 92; *Newcomb* v. *Peck*, 17 Vt. 302; *Lapham* v. *Briggs*, 27 Vt. 27; *McGilvray & Co.* v. *Avery*, 30 Vt. 541. In all of these cases, the case of *Mills* v. *Duryee*, 7 Cranch 481, is cited; and it is evident that the court intended to follow the construction there given to the constitution and act of congress by the supreme court of the United States. Since the cases above cited were decided, the case of *Mills* v. *Durgee*, *supra*, has been reviewed by the United States supreme court in *Thompson* v. *Whitman*, 18 Wall. 457, and the constitution and act of congress as to the faith and credit due to a judgment rendered in another state received a full exposition, and it was held, that the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state; that neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other

state, nor the act of congress passed in pursuance thereof, prevented an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered; and that the record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction, either as to the subject-matter or the person, and, if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist. Mr. Justice Bradley, in delivering the opinion of the court, referred to the case of *Mills* v. *Durgee*, and said: "The court in that case held that the act gave to the judgments of each state the same conclusive effect, as records, in all the states as they had at home; and that *nil debet* could not be pleaded to an action brought thereon in another state. This decision has never been departed from in relation to the general effect of such judgments where the questions raised were not questions of jurisdiction. But when the jurisdiction of the court which rendered the judgment has been assailed, quite a different view has prevailed."

The holding in *Thompson* v. *Whitman* has been adhered to by the United States Supreme Court. Thus, in *State of Wisconsin* v. *Pelican Ins. Co.*, 127 U. S. 265, Mr. Justice Gray, in speaking for the court of the constitution and act of Congress, by which the judgments of the courts of each state are to have such faith and credit given to them in every court in the United States as they have by the law or usage in the state in which they were rendered, said: "These provisions establish rules of evidence rather than of jurisdiction. While they make the record of a judgment rendered after due notice in one state, conclusive evidence in courts of another state or of the United States, of the matter adjudged, they do not effect the jurisdiction, either of the court in which the judgment is rendered, or of the court in which it is offered in evidence." In *Cole* v. *Cunningham*, 133 U. S. 107, Mr. Chief Justice Fuller, in speaking for the court

upon this subject, said: "This does not prevent an inquiry into the jurisdiction of the court in which the judgment was rendered to pronounce the judgment, nor into the right of the state to exercise authority over the parties or the subject-matter, nor whether the judgment is founded in, and impeachable for, a manifest fraud. The constitution did not mean to confer any new power on the states, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of the states domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them as evidence." In *Simmons* v. *Saul*, 138 U. S. 439, Mr. Justice Lamar, in delivering the opinion of the court, said: "It is the settled doctrine of this court that the constitutional provision that full faith and credit shall be given in each state to the judicial proceedings of other states does not preclude inquiry into the jurisdiction of the court in which a judgment is rendered over the subject-matter or the parties effected by it, nor into the facts necessary to give such jurisdiction." In *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287, it is held, that the jurisdiction of a foreign court over persons or subject-matter embraced in the judgment or decree of such court, is always open to inquiry; that, in this respect, the court of another state is to be regarded as a foreign court; and that it is competent for a defendant, in an action on a judgment of a sister state, as in an action on a foreign judgment, to set up as a defence, want of jurisdiction, in that he was not an inhabitant of the state where the judgment was rendered, had not been served with process and did not enter his appearance.

We think the construction thus given to the constitution and act of Congress by the United States supreme court is controlling, and the construction given to them by this court must yield to the later construction of the United States supreme court. We think the judgment in question

can be attacked collaterally by evidence showing that the court had no jurisdiction, and the court should have received the evidence offered by the defendant for the purpose of showing, that process was not served upon him; that he was not an inhabitant of the state of Maine; that the person upon whom the officer certified he served the process was another person, named Agustines; that he made no appearance by himself or attorney; and that the person named in the record as his attorney, who appeared for him, had no authority to do so.

*Judgment reversed and cause remanded.*