THOMAS MURTEY, receiver, *vs.* SIMEON ALLEN.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed June 5, 1899.

*Judicial Notice—Statutes of Other States.*—This court cannot take judicial notice of the constitution or statutes of other states, nor of the interpretation thereof by the courts of the same.

*Statutes—No Extra Territorial Force.*—This court is not bound to enforce a specific remedy prescribed by the statute of another state.

*Receiver—Confined to Common Law Remedy in Vermont.*—In Vermont a foreign receiver seeking to enforce against a resident of this State a liability arising under the laws of the state of his appointment, has no remedy other or greater than exists in such cases at common law.

*Plaintiff Must Have Legal Title.*—It is fundamental that a party, to sue at law in his own name, must have a legal title to the thing in controversy; and no exception exists at common law in favor of a receiver.

*Receiver Has not a Legal Title.*—A receiver derives his authority from the court appointing him, and his possession is the possession of the court, for the benefit of those to whom the court may decide the property belongs,—the title thereto remaining unchanged.

*Receiver not Entitled to Maintain Action in His own Name.*—The liability under the constitutional provision upon which this action is based is for the benefit of creditors, and the declaration does not show the receiver to have such legal title as should enable him to maintain an action at law in his own name in this State for its enforcement.

DEBT. Heard on demurrer to the declaration, at the September term, 1898, Rutland county, *Thompson*, J., presiding. Demurrer sustained. The plaintiff excepted.

The declaration alleged the organization, existence and operation of the Commercial Bank of Weeping Water, in Nebraska; defendant's ownership of stock therein; the existence of the constitutional provision quoted in the opinion of the court as of the time when the defendant became a stockholder and ever since; the existence of a law of Nebraska that a court might order the receiver of a banking corporation, who had filed a certain report, to

order such receiver to proceed against the stockholders to enforce their liabilities in favor of creditors, holding whatever surplus funds might remain after paying the debts of the corporation subject to the order of the court, to be made in favor of the parties entitled thereto; the insolvency of said bank resulting from said liabilities incurred while the defendant was a stockholder; the due appointment and qualification of the plaintiff as receiver, and the order of the court to the plaintiff as such receiver to enforce against the stockholders their full additional liability under the laws and constitution referred to; by reason whereof it was alleged that an action had accrued to the plaintiff to demand and have of the defendant the par value of the stock held by him.

*Butler & Moloney* for the plaintiff.

The declaration is attacked by a general demurrer which goes to the substance or right of action and not the form of the declaration. V. S. 1147; *Sheridan* v. *Sheridan*, 58 Vt. 504. The demurrer admits the law of a foreign state and the facts as stated in the declaration whether stated argumentatively or directly. Actions in this State upon foreign statutes are upheld. The nature of the remedy or the jurisdiction of the courts to enforce it is not under international comity dependent upon the question whether it is a statutory or common law right. *McLeod* v. *Railroad Co.*, 58 Vt. 727; *Cady* v. *Sanford*, 53 Vt. 632. The statute declared upon has been construed by the highest court of Nebraska. *State* v. *Bank*, 70 N. W. R. 221; *Farmers' Loan & Trust Co.* v. *Funk*, 49 Neb. 353: 68 N. W. 520; *Globe Pub. Co.* v. *Bank*, 41 Neb. 175: 59 N. W. 683; *Bank* v. *Gibson*, 37 Neb. 750: 56 N. W. 616; *Bank* v. *Bank*, 74 N. W. 1086; *Fairfield* v. *Gallatin*, 100 U. S. 47.

When the subscriber took his stock he entered into a contract to assume and pay an additional amount equal to the paid up value of the stock held by him to the creditors or the receiver as their representative, in case of

an insolvent bank whose debts were created while he was a stockholder. The statute prescribed no specific remedy, so that the common law remedy by action at law is appropriate. *Dauchy* v. *Brown,* 24 Vt. 202; *Marshall* v. *Sherman,* 148 N. Y. 9; *Knowlton* v. *Ackley,* 8 Cush. 97. The receiver stands in the place of the creditors and acts as their trustee under the Nebraska statute. *Dennick* v. *Railroad Co.,* 103 U. S. 11. An assignee of choses in action who takes the assignment in a country where such choses are assignable, may maintain an action in that character in a jurisdiction where they are not assignable. *Pickering* v. *Fisk,* 6 Vt. 109. If the stockholder was only liable in proportion to the stock held by him, a resort to chancery might be necessary, but this statute makes the stockholder individually liable for the debts for an amount equal to the par value of his stock. The liability is fixed and does not depend upon the liability of other stockholders. *Handy* v. *Draper,* 89 N. Y. 334; *Bank* v. *Bliss,* 35 N. Y. 412.

When the defendant took his stock he promised in legal effect to pay to the receiver, for the benefit of creditors, an amount equal the par value of his stock, and this is a contract which may be enforced in Vermont. The plaintiff is what may be called the statutory receiver, appointed by the law of the state in which the contract was made. The property of the bank and the right to sue in behalf of the creditors vested by operation of law in the receiver. Gluck & Becker on receivers, 53, 231; *Relfe* v. *Rundle,* 103 U. S. 222; *Parsons* v. *Charter Oak Life Ins. Co.,* 31 Fed. Rep. 305; *Fry* v. *Charter Oak Life Ins. Co.,* 31 Fed. Rep. 197; *Weingartner* v. *Charter Oak Life Ins. Co.,* 32 Fed. Rep. 314; *Bockover* v. *Life Association,* 77 Va. 85; *Rundel* v. *Life Association,* 10 Fed. Rep. 720; *Davis* v. *Life Association,* 11 Fed. Rep. 781; *Buswell* v. *Iron Hall,* 161 Mass. 224.

The suit should be prosecuted in his name. Thompson on Liabilities of Stockholders, §§ 81, 340; Cook on Stockholders, § 208; *Story* v. *Furman,* 25 N. Y. 214.

*F. S. Platt* and *J. C. Baker* for the defendant.

WATSON, J.   The plaintiff, as receiver of the Commercial Bank of Weeping Water, in the state of Nebraska, under an appointment by the district court within and for the county of Cass, in the state of Nebraska, in a proceeding in which the state of Nebraska is complainant and the said bank is defendant, has brought his action of debt against the defendant, a resident of this State, and an alleged stockholder in said bank, to enforce an alleged liability existing against him by force of § 7, of Art. 11, of the constitution of the state of Nebraska, which reads:   "Every stockholder in a banking corporation or institution, shall be individually responsible and liable to its creditors, over and above the amount of stock by him held, to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder."

The first count of the declaration was waived by the plaintiff in the county court, and to the other two counts the defendant interposed a general demurrer which was sustained by the county court, and upon exceptions thereto by the plaintiff, the case is here upon the sufficiency of the declaration.

In determining the questions involved, we are confined to the averments in the declaration, and cannot take judicial notice of the constitution or statutes of the state of Nebraska, nor of their interpretation by the highest court in that state.  *Hartland* v. *Windsor*, 29 Vt. 354; *Hancock National Bank* v. *Ellis*, 166 Mass. 414: 55 Am. St. Repts. 414.

Assuming the liability under the constitutional provision in question to be contractual in nature, and to be construed by the laws of Nebraska, the form of remedy, and the mode of proceeding, are regulated by the laws of the place where the action is instituted:   Story on Conflict of Laws, § 556; *Harrison* v. *Edwards*, 12 Vt. 648; and if the constitution or statutes of the state of Nebraska contain provisions

prescribing a specific remedy for enforcing this liability, such provisions have no extraterritorial force and we are not affected thereby. 2 Morawetz on Corp. § 876.

The statutes of this State contain no provisions creating any new remedy at law, or enlarging or changing the common law remedy, if such exists, upon such a constitutional or statutory liability. In that regard, a receiver has no remedy at law, other than such as is given him by the common law.

It is fundamental that to authorize a party to sue at law in his own name, he must have the legal title to the matter or thing in controversy, and no exception to this rule exists, at common law, as to suits brought by a receiver. He can maintain an action at law in his own name only when he has in himself the legal title. High on Receivers, § 220; *Newell* v. *Fisher*, 24 Miss. 392; *Yearger* v. *Wallace*, 44 Pa. St. 294.

A receiver derives his authority from the court appointing him, and · his possession of property and property rights, is the possession of the court for the benefit of whomsoever the same shall ultimately be adjudged to belong. The title thereto is unchanged. *Chicago Union Bank* v. *Kansas City Bank*, 136 U. S. 236.

The liability under the constitutional provision upon which this action is based, is for the benefit of creditors, and the allegations in the declaration do not show the receiver to have such a legal title as will enable him to maintain an action at law in his own name, in this State, for its enforcement.

*Judgment affirmed.*