A. A. SPARKS, Receiver, *v.* WARREN ESTABROOKS.

October Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed January 22, 1900.

*Action at law by receiver—Murtey, Receiver, v. Allen, 71 Vt. 377, is referred to as decisive of this case, it being an action at law by a receiver.*

Special assumpsit. Heard on demurrer. Caledonia County, June Term, 1899, *Thompson*, J., presiding. Demurrer overruled strictly *pro forma* and without hearing, and declaration adjudged sufficient. The defendant excepted.

*Bates, May & Simonds* for the plaintiff.

*Dunnett & Slack* for the defendant.

TYLER, J. The declaration alleges that the Fidelity Mutual Fire Insurance Company of Philadelphia issued and delivered certain fire insurance policies to the defendant, who thereby became a member of the company and bound to pay all assessments, within certain limits, duly levied upon him by the directors; that certain assessments were duly levied, and that the defendant refused to pay the amount due from him. The action is brought in the name of the company's receiver who was duly appointed by a competent court in Philadelphia. The

case comes here upon the defendant's demurrer to the declaration.

The question of the right of a party to maintain an action at law in his own name, when he has not the legal title to the property in controversy, is decided in *Murtey, Receiver,* v. *Allen,* 71 Vt. 377. For the reasons stated in that case, *the pro forma judgment, overruling the demurrer and adjudging the declaration and amendments thereto sufficient, reversed; demurrer sustained; declaration and amendments adjudged insufficient, and cause remanded.*