## FRANK L. FISH, RECEIVER, v. HULDA OLIN.

January Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, and STAFFORD, JJ.

Opinion filed December 18, 1903.

### National Bank—Receiver—Title to Assets—Action by in State Court.

A receiver of a national bank, appointed under the provisions of §5234 of the Revised Statutes of the United States, has the legal title to the assets of such bank, and may maintain an action at law in his own name in the state courts.

DEBT on the statutory liability of a stockholder of a national bank. Heard on a general demurrer to the declaration, at the December Term, 1901, Addison County, *Watson*, J., presiding. Demurrer sustained, and declaration adjudged insufficient. The plaintiff excepted.

The declaration alleged, among other things, the organization of the Farmers' National Bank of Vergennes; the defendant's ownership of stock therein; the insolvency of said bank; the appointment of the plaintiff as its receiver by the Comptroller of the Currency of the United States under the provisions of §5234 of the Revised Laws of the United States; that in order to pay the obligations of said bank it was necessary to enforce the individual liability of the stockholders thereof as prescribed by the said Revised Statutes, to the extent of one hundred dollars upon each and every share of the capital stock of said bank held or owned by them at the time of its failure, that said Comptroller had made an assessment and requisition upon said stockholders for such amount; that by virtue of his appointment as such receiver it was the duty of the plaintiff to take all necessary proceedings, by suit or other-

wise, to enforce said liability; that the capital stock of said bank is $60,000, and that the defendant owns one thousand dollars of said stock, and did own it at the time of the said failure of said bank; that she refused to pay said assessment, though requested to do so.

*Frank L. Fish,* Receiver, *pro se.*

The receiver of a national bank must be a party to all suits relating to the choses in action of the bank, because the same belong to him. *Scott* v. *Armstrong,* 146 U. S. 499; National Bank Act & Its Meaning (by Bolles) § 428; Gluck & Becker on Receivers, 239.

The receiver may sue for demands due the bank, either in his own name as receiver, or in the name of the bank. *Bank* v. *Kennedy,* 17 Wall. 19; *Kennedy* v. *Gibson,* 8 Wall. 198; *Stanton* v. *Wilkeson,* 8 Bened. 357; *Bank of Bethel* v. *Pahquioque Bank,* 14 Wall. 383; *Case* v. *Bovine,* 22 La. An. 321; High on Receivers § 360. He is expressly empowered by U. S. Statutes to bring a suit in his own name. U. S. Statutes § 5234; Beach on Receivers, § 484; *Stanton* v. *Wilkeson,* 8 Bened. 357.

The contention is that there is no such title in the receiver that he can mantain an action in his own name. Not one case can be found that even hints that a receiver of a national bank can not maintain a suit in his own name. It has been the custom in Vermont, as well as elsewhere in common law states, to bring suit in the federal courts in the name of receivers of insolvent national banks. These suits have been brought for the collection of notes as well as for stock assessments. There is no statute which authorizes bringing suits in the name of the receiver except for stock assessments, therefore all other suits must have stood on common law grounds. If

the title is not in the receiver he could no more sue in his own name for the collection of a note in the federal courts than in the state courts.

*Joel C. Baker* for the defendant.

Title LXII, of the Revised Statutes of the United States, constitutes statute law under which the national banks of this country are organized, perform their functions, and when insolvent, are wound up. When a national bank is insolvent the Comptroller takes charge. He appoints a receiver. Under his direction the receiver does all that the receiver is authorized to do, and must make his report to the Comptroller. The powers of a receiver of a national bank are much more limited than those of an ordinary receiver. His duties are confined to converting the property into cash, and the collection of the assets and placing them in the United States Treasury.

It is well settled that in the case of a receiver appointed by a court of equity, the possession is the possession of the court. *In Re Higgins,* 17 Fed. Rep. 443; *Bruce* v. *R. Co.,* 29 Fed. Rep. 345; *Hewitt* v. *Adams,* 50 Me. 280; *Ellis* v. *R. Co.,* 107 Mass. 28; *Railroad* v. *Railroad,* 47 Vt. 789. The appointment of a receiver does not change the title to the property. *Bank* v. *Bank,* 136 U. S. 236.

The receiver of a national bank has not title to the assets, but holds them in trust for creditors under the direction of the Comptroller. *Lease* v. *Barschal,* 106 Fed. Rep. 763; *Scott* v. *Armstrong,* 146 U. S. 507; *Booth* v. *Clark,* 17 How. 527.

The settlement of the affairs of an insolvent bank is one proceeding from beginning to end, and as was said by *Wheeler,* J., *In Re Slack,* 3 Fed. Rep. 525, in reference to the bankruptcy act, the assets are in the custody of the law, and

the bankrupt is seized in his own right, until the property has, gone out of the estate by sale by the trustee.

It is a fundamental rule of the common law that an action at law can only be maintained on a legal title. _Lansing_ v. _Manton_, 14 Fed. Cas. No. 8077; _Heald_ v. _Warren_, 22 Vt. 413; Kerr on Receivers, 206, note 1.

Congress has no power over the remedy in the state courts. Congress can give a right of action, but when suit is brought in a state court, the state law governs as to the remedy.

MUNSON, J. It is claimed in support of the demurrer that the receiver of a national bank cannot maintain an action at law in his own name in the courts of this state; and _Murtey_ v. _Allen_, 71 Vt. 377, 45 Atl. 752, is one of the authorities cited. It was held in that case that the only remedies at law available in this state to a foreign receiver are those given him by the common law, and that his appointment does not confer the legal title essential to the maintenance of a suit at law. Without considering whether any other or different question can arise in this case because of federal supremacy, we pass at once to the inquiry whether the federal law gives to a receiver of this class the legal title to the property covered by his appointment.

The arguments drawn by defendant's counsel from the general provisions relating to the receiver's duties are not very conclusive. The legal title may rest in the receiver, whatever the restrictions placed upon his independent action. The fact that he holds the property merely to work out the purposes of a certain trust does not indicate that the legal title is elsewhere. The duties of an ordinary trustee relate wholly to the rights of his beneficiaries, but he holds the legal

title for the benefit of his trust. It is not claimed that this question is disposed of by any definite provision of the statute, and we must look to the decisions of the United States Supreme Court for whatever may have been said by way of construction.

The general relation which the receiver sustains to the scheme of the statute is set forth in *Kennedy* v. *Gibson*, 8 Wall. 498, where it is said that the receiver is the instrument of the comptroller; that it is for the comptroller to decide when it is necessary to enforce the personal liability of the stockholders; that when the whole amount is sought to be recovered the proceeding must be at law; that the receiver is the statutory assignee of the association, and the proper party to institute all suits; that they may be brought both at law and in equity, in his name or in that of the association. The following cases may also be referred to as bearing upon some or all of these propositions. *Bank of Metropolis* v. *Kennedy*, 84 U. S. 19; *Richmond* v. *Irons*, 121 U. S. 56; *Witters* v. *Sowles*, 61 Vt. 366, 18 Atl. 191.

It is said in *Earl* v. *Pennsylvania*, 178 U. S. 449, that the statute contemplates that all the assets of the suspended bank shall pass in the first instance to the receiver; but the connection is not such as to give the expression any special significance upon the question of title.

It was considered in *Scott* v. *Armstrong*, 146 U. S. 507, that, the charter having been forfeited and the bank dissolved by decree of the Circuit Court, the title to the assets was necessarily thereby transferred to the receiver. This would seem to imply that no transfer of the title had been effected by the previous appointment of the receiver. In *Bank of Selma* v. *Colby*, 88 U. S. 609, a case cited in the above opinion, there had also been a decree forfeiting the charter and dissolving

the bank.   Reference should be had in this connection to *Bank of Bethel* v. *Pahquioque Bank,* 81 U. S. 383, where it is said that the appointment of a receiver does not work a dissolution of the bank, but that it continues to exist as a legal entity, and may sue and be sued in all cases where it is necessary that the corporate name be used for the purpose of closing up its affairs.   But whatever the expression in *Scott* v. *Armstrong* may be thought to indicate, it is to be noted that in *Bushnell* v. *Leland,* 164 U. S. 683, decided in 1897, the case of *Kennedy* v. *Gibson* is referred to with the fullest approval.

Suits by national bank receivers to enforce the statutory liability of stockholders have been maintained without question in the state courts for many years.   Some of these suits were in states where the procedure is in accordance with the rules of the common law, and the views expressed in the decisions of other states, afford support to the claim that the receiver is vested with the legal title.     *Davis* v. *Weed,* 44 Conn. 569; *Chicago Fire Proofing Co.* v. *Park National Bank,* 145 Ill. 481; *Brinckerhoff* v. *Bostwick,* 88. N. Y. 52; *O'Connor* v. *Witherby,* 111 Cal. 523; *Hill* v. *Graham,* 11 Col. 536; *Thompson* v. *Schaetzel,* 2 S. D. 395.

We have not found in our examination of the United States cases any direct statement that the receiver has the legal title by virtue of his appointment.   The plaintiff does not cite us to any case which he claims to be in terms conclusive upon this matter; but he insists that when the language of the statute, the judicial comments upon it, and the course of procedure are considered, there is no escape from the conclusion that the receiver is regarded by the federal courts as possessed of the legal title.

We are disposed to consider the statement in *Kennedy* v. *Gibson,* that the receiver is the statutory assignee of the

association, a sufficient indication that he has the title required by our courts, notwithstanding the further statement that he has power to sue at law in the name of the association. Indeed, the designation of the receiver as a "statutory assignee," if the term is to be given its full significance, definitely classes him with those receivers who have the legal title. The circuit courts of the United States have apparently taken this view of the case. *Stanton* v. *Wilkeson,* 8 Ben. 357; *Casey* v. *La Societe de Credit Mobilier,* 2 Wood 77. It is said in the case last cited that the receiver's title is the same as that of an assignee in bankruptcy. Substantially the same is said, but without citation of cases, in Beach on Receivers § 481, and in High on Receivers § 359.

If it be true that the United States Supreme Court, as matter of construction, treats the assignee as having the legal title, we cannot treat him differently. It is our duty to follow the construction adopted by that court, whether it be a definite construction given to the particular provision, or a construction apparent from its treatment of the statutory system of which that provision is a part. We think it is clear that the United States Court treats the receiver as having the legal title to the right in question.

*Judgment reversed, demurrer overruled, declaration adjudged sufficient, and cause remanded.*