**James F. Porter, Plaintiff in Error, v. D. E. Delihant Duzeski, Defendant in Error.**

## Gen. No. 17,599.

1. JUDGMENT, § 444*—*former adjudication.* Recovery in a suit against husband and wife for use and occupation of premises as a family expense, *held* no bar to a subsequent action against the wife alone on her written lease.

2. LANDLORD AND TENANT, § 310*—*when failure of landlord to relet no defense.* In suit to recover for the actual use and occupation of leased premises, a plea that landlord failed to attempt to reduce the claim by reletting the premises is incompetent.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

3. LANDLORD AND TENANT, § 306*—*recovery of rent as family expense.* In an action against husband and wife to recover for use and occupation of premises as a family expense, a claim by husband that he did not join with his wife in a lease is immaterial.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 9, 1913.

WILLIAM ELIOT FURNESS, for plaintiff in error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is a suit for rent under a written lease. The defense was a prior adjudication, which the trial court sustained and entered judgment against the plaintiff. We are asked to reverse this on the ground that the court erred in holding the former judgment to be *res judicata.*

Duchess E. Delihant Duzeski, at that time unmarried, in March, 1910, executed as lessee a written lease from James F. Porter, hereinafter called plaintiff, of an apartment at a monthly rental of forty dollars, for a term beginning May 1, 1910, and ending April 30, 1911. On July 2, 1910, she married Paul E. Duzeski. In December, 1910, plaintiff commenced suit against Mrs. Duzeski and her husband for rent for August, September, October, November and part of December, 1910, at the rate of forty dollars per month, claiming a statutory joint and several liability under section 15, chapter 68, Revised Statutes of Illinois. (J. & A. ¶ 6152.) By this section of the statute it is provided that the husband and wife, jointly or severally, may be sued for the expenses of the family. In this suit the husband filed an affidavit of merits, alleging in substance that he was not liable because he had not

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

married until July 2, 1910, and therefore was exempt from any contracts or liabilities incurred by his wife prior to her marriage with him. .The wife also filed an affidavit of merits, claiming as a defense that the plaintiff had "failed to exercise such efforts as the law requires of him to reduce the claim of plaintiff; that with proper efforts the said plaintiff could have re-letted the premises mentioned in the plaintiff's statement of claim, immediately after this defendant vacated them." Thereupon that suit was tried, and the trial court held that the plaintiff should recover from the defendants the sum of eight dollars and costs. We are informed by statements made by both counsel that this judgment, with costs, was paid and satisfied.

Subsequently, in February, 1911, the plaintiff caused a judgment to be entered against Mrs. Duzeski, hereinafter called defendant, and who is the sole defendant in the case before us for determination, under the power of attorney contained in the lease, for rent due under said lease for the months of August, September, October, November and ten days of December, 1910, at the monthly rental named in the lease of forty dollars, amounting to one hundred and sixty-five dollars, and attorney's fees as therein provided. Upon motion by defendant, said judgment was "opened" and leave given to defend. Thereupon the defendant filed an affidavit of merits, claiming among other things that the judgment and satisfaction in the first suit above described was a bar to a recovery, for the reason that the issues in the first cause included the issue in the pending suit. Upon trial of the latter suit the record of the first one was introduced in evidence, and the court held that the judgment in this first suit was *res judicata* and that it "estopped the plaintiff from any judgment under this suit." The controversy before this court centers upon the correctness of this finding.

There is no controversy over the proposition that a prior judgment is no bar unless there is identity of

issues, and therefore the immediate question before us is whether the issues were identical in these two suits.

It is clear that the claim of plaintiff in the first suit was for the use and occupation of the premises involved. The first suit sought to recover from both husband and wife the rental value of the premises occupied by them, under the statute making both liable for the expenses of the family, rent being a family expense. Therefore, the only liability possible in that cause was for use and occupation, and also for the actual time that said premises were used and occupied by the defendants. This makes immaterial any claim by the defendant husband that he had not joined with his wife in any lease, for the reason that the liability upon him is created not by contract but by the statute. The plea of the wife that the landlord failed to exercise efforts to reduce the claim is also incompetent, as there could be no such defense where the only recovery possible was for the actual period of occupation. It follows that when the trial court found in the first case that there was due and owing to the plaintiff from the defendants the sum of eight dollars, this finding was based upon the rental value of the premises for the actual time they were occupied and used.

It is argued that we must presume from the record that the amount of the finding of the trial court in the first case covers the entire period for which recovery is sought in plaintiff's statement of claim. Whether this is a correct presumption, in the absence of any indication in the record, we are not called upon to decide, for it appears affirmatively from the affidavit of merits made by the wife that the premises were vacated some time during the period mentioned in the plaintiff's statement of claim. Just what time this was does not appear clearly, but sufficient does appear to throw the burden upon the defendant to show that the period of time of occupation for which judgment was rendered in the first suit was the same

as that in issue in the second suit. Any presumption favorable to the defendant on this point is overcome by the fact affirmatively appearing that the premises had been vacated.

We are of the opinion, therefore, that the issues in the two cases are not identical. The claim of the plaintiff in the first suit was against the husband and wife, under the statute, for the use and occupation of the premises in question for the time they were so actually used, while the second cause of action, being the case for our determination, is solely against the wife, and arises from her written contract and not from the fact, whatever it may be, as to the period of time she occupied the premises. The judgment in the first suit is not a bar to recovery in the second suit.

As to the claim that this may mean two recoveries for rent for the same period of time, it is sufficient to say that the defendant is entitled to credit for any sums already paid for rent for any portion of the period covered by the statement of claim in the suit at bar.

Other considerations are urged upon this court as grounds for holding the judgment in the first case not a bar, which are not without merit, but it is sufficient to express only the one point above discussed.

For the reason indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*