## Lloyd J. Smith, Receiver, Appellee, v. Sol Rubin and Sadie Rubin, Appellants.

### Gen. No. 30,111.

1. Receivers—*prerequisite to right to maintain action.* It is a prerequisite to the right of a receiver to maintain an action, that he have legal title to the thing sued for.

2. Receivers—*title to right of action on contract executed as receiver.* Where the contract upon which the duly appointed receiver of a building brought suit against the defendants, husband and wife, for use and occupation, came into being through the mutual acts of such receiver, qua receiver, and the defendant husband, such receiver had legal title to the right of action on such contract.

3. Receivers—*special order as prerequisite to right to sue on contract executed by receiver as such.* Where the receiver of a building had legal title to the right of action upon a contract under which he sought to recover from defendants for the use and occupation of an apartment in such building, it was not necessary that

such receiver, before beginning suit, obtain special authority therefor by an order of the appointing court.

4. LANDLORD AND TENANT—*estoppel of tenant paying rent to receiver as landlord to deny right to sue for use and occupation.* Defendants in an action for use and occupation brought by the receiver of the building, who have paid rent to such receiver for five months prior to the period for which payment is sought in such action, will not be heard to deny the authority of the receiver as landlord on the ground that he brought suit without procuring special authority from the court of his appointment.

5. HUSBAND AND WIFE—*charge for use and occupation of premises occupied as dwelling as joint and several liability.* A husband and wife are jointly and severally liable upon a charge for use and occupation of premises used for domestic living, notwithstanding the agreement under which they took possession of such premises was made between the husband and the landlord, without the intervention of the wife.

Appeal by defendants from the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Affirmed. Opinion filed December 23, 1925.

CLARK & CLARK, for appellants; RUSSELL S. CLARK, of counsel.

WILLIAM FRIEDMAN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Lloyd J. Smith, receiver, brought suit in the municipal court, in a fourth-class case, against the defendants, Sol Rubin and Sadie Rubin, who were husband and wife, for six months' use and occupation of certain premises, and upon a trial before the court without a jury obtained a judgment in the sum of $660. This appeal is from that judgment.

It is contended that there was no evidence that the receiver was authorized or directed to bring this suit; that the evidence showed an express contract made with the husband alone for $110 a month; and that

certain errors were made in ruling upon questions of pleading.

The evidence showed that on May 29, 1923, by order of the court, the plaintiff was appointed receiver, "with the usual powers of a receiver in chancery, for a certain building known as the Riviera Apartment Building," and that he took possession of the premises about May 30, 1923. The receiver testified that soon after he took possession of the building he made oral arrangements with Sol Rubin to rent the apartment in question at $110 per month; that Sol Rubin agreed to pay $110 a month for the apartment as long as he stayed there; that he paid rent for June, July, August, September and October, 1923, at $110 a month; that that included telephone, light, heat, gas service and the laundry bill; that the premises were occupied by Sol Rubin and Sadie Rubin and their three children; that nothing was paid for the months of November and December, 1923, and January, February, March and April, 1924; that he requested payment of the rent from month to month, and Sol Rubin promised time and again to pay it.

As to the question whether it was necessary for the evidence to show, affirmatively, express power in the plaintiff, as receiver, to begin this suit: It is generally the law that one who begins suit must have legal title or right to the thing sued for; so that where a suit is begun by a receiver, his title must be of that quality. *Murtey v. Allen,* 71 Vt. 377. The contract upon which suit is brought, whether considered as express or implied, came into being as the result of the mutual acts of the receiver, *qua receiver,* and the defendant Sol Rubin. In this situation, it is only reasonable to consider the receiver, at least for purposes of obtaining the rent, or the charge for use and occupation, as having legal title to that for which he brought suit; and such being the case, it follows that it was not necessary for the receiver, before beginning

suit, to obtain special authority or an express order of the court. Further, as it was admitted by the defendants that the premises were rented and occupied by them, and as the evidence showed that rent was actually paid to the receiver for five months, and that the balance of what had accrued for the succeeding six months was not only admitted to be due but promised, it is not now the right or privilege of the defendants to deny the authority of the receiver as their landlord.

As to the contention that the evidence disclosed only an express, oral contract between the receiver and the defendant, Sol Rubin: There was considerable discussion between counsel and the court on that subject at the trial, and the trial judge finally ruled, after permitting the statement of claim to be amended, that the evidence showed the plaintiff had proved that the defendants were liable jointly for use and occupation. It is the contention for the defendants that there is no evidence of liability on the part of the wife. The evidence does not show that the wife had anything to do with renting the premises. What dealings took place were entirely between the plaintiff and her husband. But it is urged for the receiver that a place to live, the use and occupation of the premises, was a household necessity, and, being such, both husband and wife are liable for the rent, even though the oral arrangements made, as testified to by the receiver, were wholly between the receiver and Sol Rubin.

The statute on husband and wife, section 15, chapter 68 (Cahill's St. 1925), provides that: "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

A place to live being a necessity, it is the law that rent or charges for use and occupation of premises

used for domestic living are necessaries and chargeable, under the statute, upon the property of both husband and wife, and that the liability of each is joint and several. Applying that principle to the facts in the instant case, it follows that it makes no difference whether the contract of leasing was made between the husband and the receiver without the intervention of the wife, or otherwise; that as the rent was a necessary, they were both liable jointly and severally therefor. *Illingworth v. Burley,* 33 Ill. App. 394; *Harrison v. Hill,* 37 Ill. App. 30; *Porter v. Duzeski,* 182 Ill. App. 6; *Barnett v. Marks,* 71 Ill. App. 673.

Some matters are discussed pertaining to the pleadings in the case, but, as this was a suit of the fourth class and there is no question but that the defendants were sufficiently informed as to what the suit was about, and as the evidence sufficiently established the right of the plaintiff to the rent, in our judgment they are immaterial.

The judgment, therefore, will be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.