BENNETT B. BRISTOL ET AL., TRUSTEES *v.* WILLIAM H. NOYES.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion field October 2, 1934.

420

*H. W. Hastings* and *Whitfield W. Johnson* (of Boston, Mass.) for the defendant.

*Wilson & Keyser* and *J. Ward Carver* for the plaintiffs.

MOULTON, J.   This is an action of debt upon a judgment obtained by the plaintiffs against the defendant in the superior court of Middlesex County, Massachusetts, on May 1, 1933. The defendant's plea alleged that the Massachusetts court was without jurisdiction to render the judgment, because, at the time of the issuance of the writ, he was not a resident of the Commonwealth of Massachusetts, was not personally served with the process, and did not appear and defend the suit.   In the court below the judgment was for the plaintiffs, and the case is before us on the defendant's exceptions to the exclusion of certain evidence offered by him during the progress of the trial.

The plaintiffs offered an exemplified copy of the proceedings in the Massachusetts court by which it appeared that personal service had been made upon the defendant on March 8, 1933.   It was received in evidence, subject to the defendant's exception.   This exception is not briefed, and is therefore waived. *Gray* v. *Brattleboro Trust Co.*, 97 Vt. 270, 274, 122 Atl. 670; *Wood* v. *James*, 93 Vt. 36, 43, 106 Atl. 566.   The remaining three exceptions present essentially the same question and may be considered together.

I. Mrs. Sadie I. Pierce, the daughter of the defendant, was the first witness called by the defendant. She testified that she lived in Malden, Massachusetts, and was asked: "Where does your father make his home?" She answered. "Makes his home in Bradford (Vermont) some of the time, and some of the time he is in Malden, Massachusetts." She was then asked: "Where was Mr. Noyes on the 8th day of March (1933)?" Upon objection, the defendant offered to show by the witness that he had been stopping with the witness at her home in Malden, but that, on the day specified, he was in Stoneham, Massachusetts; that on that day a person purporting to be a deputy sheriff called at the witness' house in Malden and asked her if Mr. Noyes were there; that, upon informing him that he was not, the officer handed her a paper purporting to be a summons to appear in the superior court for Middlesex County, and asked her to see that Mr. Noyes received it; that she did not deliver it to the defendant; and that the latter knew nothing of the suit until months afterwards. The offer was excluded, and the defendant excepted.

II. The defendant was the next witness and was asked: "You live in Bradford (Vermont)?" and answered: "Yes." He then testified that during March, 1933, he was stopping with his daughter in Malden, Massachusetts, and was asked whether, on or about the 8th, of that month, any papers in any suit were served upon him. Upon objection, the question was excluded, subject to exception. The offer was to show that no process had been served upon him in the action in which the judgment was based, and that he knew nothing about the pendency of the suit until about a month later, upon his return to Bradford, and that he had never authorized any one to appear and defend for him.

III. Whitfield W. Johnson, a member of the Massachusetts bar was the third and last witness called by the defendant, and testified that he was familiar with the law of that commonwealth in regard to the requirements for valid service of process. It was offered to show by him that the act of the deputy sheriff in leaving a copy of the summons with Mrs. Pierce did not constitute a valid service of process upon a nonresident, under the Massachusetts law. This offer was excluded, subject to exception.

The objection, in each instance, was that the record of the officer's return of service, which showed a delivery of a copy of the summons "in hand" to the defendant, could not be collaterally attacked.

This contention is without merit. It is true that an officer's return, as between the parties to the suit, and their privies, imports absolute verity and cannot be contradicted except in a direct proceeding to vacate or annual it (*Shapiro* v. *Reed*, 98 Vt. 76, 80, 126 Atl. 496), but, where the issue presented is the jurisdiction of the court to render the judgment upon which the action is based, a different question arises. While the clause of the United States Constitution (Art. 4, § 1), providing that "Full of Faith and Credit shall be given in each state to the public Acts, Records, and Judicial Proceedings of every other State," makes the record of a judgment rendered after due notice in the court of one state conclusive evidence in courts of another state, or of the United States, of the matter adjudged, it does not preclude inquiry into the jurisdiction of the court rendering the judgment over the subject-matter or the parties affected by it, or into the facts necessary to give such jurisdiction; and it is competent for a defendant in an action upon a judgment obtained against him in a sister state to set up in defense the want of jurisdiction, in that he was not an inhabitant of that state, had not been served with process, and did not enter an appearance. See *Wood* v. *Augustins*, 70 Vt. 637, 41 Atl. 583, wherein the authorities bearing upon this question are cited and discussed; *Domenchini's Admr.* v. *H. T. & W. R. R. Co.*, 90 Vt. 451, 457, 98 Atl. 982.

But, although the particular objection is unavailing, the exclusion of the offered testimony is to be sustained, if it can be, upon any legal ground. *Niles* v. *Rexford*, 105 Vt. 492, 493, 494, 168 Atl. 714; *Andrews* v. *Aldrich*, 104 Vt. 235, 237, 158 Atl. 676. A judgment will not be reversed where a ruling, based upon erroneous ground, is nevertheless correct. *Donovan* v. *Towle*, 99 Vt. 464, 467, 134 Atl. 588; *In re Estate of Martin*, 92 Vt. 362, 365, 104 Atl. 100; *Town of Londonderry* v. *Fryor*, 84 Vt. 294, 298, 79 Atl. 46. As is said in *Robert Allen, Inc.* v. *Spring Street Realty Co.*, 111 N. J. Law, 88, 166 Atl. 199, 200: "It is the propriety of the court's ruling and not the reason given therefor with which we are here concerned." We proceed,

therefor, to consider whether the testimony was inadmissible for any other reason.

█ It is true, as the plaintiffs submit, that the proposed testimony of Mrs. Pierce to the effect that the defendant was in Stoneham on the 8th of March was hearsay, because she was not with him and could know the fact only from what she had been told. *Ravine House* v. *Bradstreet,* 102 Vt. 370, 377, 148 Atl. 481. A part of the evidence included in the offer being inadmissible, the entire offer was vitiated, and no error can be predicated upon its exclusion. *Ravine House* v. *Bradstreet, supra,* page 375 of 102 Vt., 148 Atl. 481; *Moncion* v. *Bertrand,* 98 Vt. 332, 340, 127 Atl. 371; *Wilder* v. *Hinckley Fibre Co.,* 97 Vt. 45, 50, 122 Atl. 428. But, since there must be a new trial in this case for reasons presently to be stated, and this question is not likely to arise again, we proceed to the consideration of the other evidence contained in the offer, which presents the same question raised by the two following exceptions.

█ The plaintiffs urge that the offered testimony was immaterial until there had been some evidence, received or offered in connection with it, tending to show that the defendant was a nonresident of Massachusetts, and that there was an absence of evidence to this effect. It is clear that the testimony of Mrs. Pierce and the defendant as to the latter's residence was in the present tense and related to the time of the trial and not to the 8th of the previous March; and that of the former witness was even in this respect indefinite. But the exemplified copy of the summons in the action brought in Massachusetts described the defendant as "of Bradford in the County of Orange and State of Vermont, now commorant in Malden in our County of Middlesex." In *Pullen* v. *Monk,* 82 Me. 412, 415, 19 Atl. 909, 910, it is said: "It cannot be doubted that a man may be a resident in one place and commorant in another at the same time. The distinction is between a permanent and a temporary home * * *. The term (commorancy), from its derivation from the Latin, implies something less than a regular residence, such as a staying, a sojourning, and, more literally, a tarrying." And, in the words of Shaw, C. J., in *Ames* v. *Winsor,* 19 Pick. (Mass.) 247, 248: "Where a person is described as of one place within the Commonwealth and commorant in another, it clearly intimates that the former is his domicil, dwellinghouse

or place of abode, and the latter a place of temporary residence.''

So the summons described the defendant as being domiciled in Vermont at the time of the commencement of the action. This recital was in the nature of an admission of the fact by the plaintiffs, and had evidentiary force. See *Houghton et al.* v. *Grimes et al.*, 103 Vt. 54, 65, 151 Atl. 642. Nothing to the contrary appearing, it will be presumed that the domicil continued and was the same upon the day on which the service of process was said to have been made. *Rixford* v. *Miller*, 49 Vt. 319, 326. There was, therefore, evidence of the nonresidence of the defendant, and the offered testimony tending to show the lack of personal service upon him and the law of Massachusetts in this regard was admissible.

█ It is claimed that the question put to the defendant, as to the service upon him of ''any papers in any suit'' was too broad, and therefore its exclusion was proper. But it was plain enough that the examiner was referring to the only suit in issue, and the objection is without merit.

█ A large part of the defendant's brief is devoted to a discussion of the Massachusetts law relating to the service of process, with citation of the statutes, and the decisions construing them, of that commonwealth. But these statutes and decisions were not in evidence, and have not been made a part of the record, and so they have received no consideration, because they are not the subject of judicial notice. *Brown* v. *Perry*, 104 Vt. 66, 70, 156 Atl. 910, 77 A. L. R. 1294; *Murtey* v. *Allen*, 71 Vt. 377, 380, 45 Atl. 752, 76 A. S. R. 779.

*Judgment reversed, and cause remanded.*