# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Lendvay

v.

Sobrito

## November 22, 1968

By JUDGE ALEX H. SANDS, JR.

This case, tried to a jury on June 12, 13, and 14, 1968, resulted in a verdict for defendant. In support of her motion to set aside the verdict, plaintiff assigns six grounds. The only ground deemed worthy of consideration is number one, which challenges the action of the court in excluding from the jury the testimony of the witness, John A. Morissey, which was offered to attack the reputation for truth and veracity of the witness, Leonard T. Brown, who had been called by the defendant. It must be admitted that Brown's testimony was quite important to the defendant's case and damaging to that of the plaintiff, and the exclusion of evidence attacking his character must, therefore, be presumed to have been damaging to plaintiff's case.

### Testimony Offered

It is plaintiff's first contention that the testimony of Morissey as offered, which was excluded from, but taken in the absence of, the jury, qualified under the rules of evidence as charter evidence against Brown and should have been admitted as such. This contention will be first considered for, if true, the Court erred in excluding the evidence regardless of the nature of the objection thereto offered by defendant. Page references will be to the partial transcript of this witness' testimony.

The question was first asked (Tr-7) whether Morissey was familiar with Brown's reputation in the community in which he lived or worked for truth and veracity, and when he answers in the affirmative, the question is put to him: "What is his general reputation for truth and veracity?"

His answer is:

*Related to me personally* this was the ultimate reason *I* had to discharge him. Too many untruths were coming back (i.e. to me) in the work he was doing for me, and *I* had to release him from my employ.

Obviously, this not only was not a responsive answer but was merely the statement of the reasons why Morissey discharged Brown. A further reading of Morissey's testimony (Tr-9-10) demonstrates clearly that Morissey is giving his *own* opinion as to Brown's integrity and not his general reputation. Were there any doubt, however, it would be put at rest by this question and answer (Tr-9):

Q. Among his acquaintances, what is his reputation for truth and veracity?

A. *I can't relate among his acquaintances, I can only relate to myself. As far as he and I are personally concerned, he did not have a good reputation with me.*

At no place in the testimony of this witness does he vaguely undertake to state the general reputation of Brown for truth and veracity in the community in which he lived.

Obviously, this testimony in no matter qualified as evidence of Brown's reputation for truth and veracity in his community and could not, therefore, have been admitted for this purpose.

### Nature of Defendant's Objection

Plaintiff next contends that even though the evidence as offered might have been inadmissible for the purpose

for which offered, yet the objection of defendant, upon the basis of which the evidence was excluded by the Court, was an incorrect statement of the controlling law and that the evidence was, therefore, erroneously excluded.

When the question was first put to Morissey as to whether he knew of Brown's reputation for truth and veracity, defendant objected upon the ground that Brown's character had not been put in issue by defendant, and that until it was, it could not be attacked. The Court sustained the objection upon this ground. This ground was, perhaps, not a valid one, as the plaintiff urges, as there is authority to the effect that the act of calling a witness to the stand puts his character in issue and renders it subject to proper impeachment. *See* 98 C.J.S. *Witnesses*, sect. 572, and authorities cited.

Assuming that the ground urged in support of this objection was an invalid one, the question is presented as to whether the Court in excluding this evidence after it was taken in the absence of the jury was bound by the objection upon which the ruling was made or whether, inasmuch as the evidence was clearly inadmissible as not qualifying as character impeachment evidence, the Court's action in excluding it was proper without the assignment of any ground in addition to the erroneous one upon which defendant based his objection.

Plaintiff urges that where a specific objection is made to the admissibility of evidence that both the objecting party and the Court are bound by such specific objection and that the action of the Court in excluding the evidence can be justified upon no other ground irrespective of whether there are other valid grounds for such exclusion.

This point is well briefed and forcefully argued by counsel for plaintiff. The argument is, moreover, sound where the objection is *overruled* and the evidence is *admitted*, for the complaining party is then in position of attempting to appeal an adverse ruling upon an objection upon which the court has never been called upon to pass. The authorities relied upon by plaintiff all deal with this situation and are sound.

The rule is quite different, however, where, as in the case at bar, the objection ha been *sustained* and the evidence excluded. The test is not, in such case,

whether the objection was valid but rather whether the evidence offered was, in fact, admissible upon any ground.

This distinction is clearly pointed out in 1 Wigmore (3rd ed.) pages 339 and 342 thus:

> A specific objection *overruled* will be effective to the extent of the grounds specified, and no further. An objection *overruled*, therefore, naming a ground which is untenable, cannot be availed of because there was *another and tenable ground which might have been named but was not* . . . .
>
> A specific objection *sustained* (like a general objection) is sufficient, though naming an untenable ground, if some other tenable one existed.

The reason for this distinction is pointed out by the court in *Esbach v. Hurtt*, 47 Md. 61, thus:

> *What this Court must determine is whether the testimony offered was admissible, and not whether a right or wrong reason was assigned for its rejection.* (Emphasis added)

Most of the authorities dealing with *sustained* objections support this view. In *Rubin v. Town of Arlington* (Mass.) 99 N.E.2d 30, where counsel pressed the same point as that here urged, the Appellate Court in upholding the lower Court's exclusion of evidence although the ground of objection in the lower Court had been invalid, stated:

> The judge was not bound by the grounds stated by objecting counsel. On appeal his exclusion of the testimony is to be sustained if it can be supported on *any* legal ground. (Emphasis added)

And where a similar contention was made in *Ross v. Foss* (S.D.) 92 N.W.2d 147, the court in upholding the exclusion of evidence by the lower Court, although the ground of the assigned objection was bad stated:

While counsel is bound by the grounds stated in his objection if the same is overruled, the Court in sustaining the objection is not bound by the grounds stated therein.

In *Bristol v. Noyes*, 174 A. 924 (Vt. 1934), the Court again dealing with the precise question at bar (although the case was reversed upon other grounds) upheld the action of the lower Court in excluding evidence when the grounds of the objection thereto were invalid stating:

> But although the particular objection is unavailing, the exclusion of the offered testimony is to be sustained, if it can be, upon any legal ground. (Citing authorities). A judgment will not be reversed where a ruling, based upon an erroneous ground, is nevertheless correct (Authorities). *It is the propriety of the Court's ruling and not the reason given therefor with which we are here concerned.* (Emphasis added)

In *Eckman v. Funduburg*, 108 N.E. 577 (Ind. 1915), where the point was made that the Curt should have stated a basis for its exclusion of evidence other than that assigned as the objection which was not a valid ground, the Court said:

> It has been held that where evidence is excluded by the trial court, the ruling will stand on appeal if sustainable on any valid theory *whether advanced at the time of ruling or not.* (Emphasis added)

While the above rule is not, perhaps, universally followed (*Cf. City of Arcola v. Wilkinson* (Ill.) 84 N.E. 264), it appears to be the majority and the better reasoned rule.

### Conclusion

Plaintiff has attempted, by offering an affidavit taken after the trial of the case was concluded, to shore

up Morissey's testimony as taken at trial to a point where it would qualify under the accepted rules of evidence as proper character impeachment evidence. The Court is familiar with no rule of procedure which would permit the introduction of additional evidence in this manner. Plaintiff was given full opportunity, in the absence of the jury, to put on Morissey's complete testimony, and the burden was clearly upon her to develop his testimony in such way as to qualify it under the established rules of evidence and to permit the Court to make a ruling thereon, and this is true regardless of the grounds of the objection which had been made thereto.

For the above reasons, plaintiff's motion to set aside the verdict will be overruled and judgment entered upon the verdict.