STATE *v.* MARY CERESA.

January Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 12, 1918.

*Illegal Sales of Intoxicating Liquor—Evidence—Materiality.*

In a prosecution for the illegal sale of intoxicating liquor, the testimony of a witness that he went to respondent's house with two other persons, and got some whiskey there, but did not know who brought it out, nor who called for it, and drank some of it with the others, was material, when taken in connection with other evidence, and tended to show that respondent was guilty as charged.

In a prosecution for the illegal sale of intoxicating liquor, the declaration of a detective employed by the State, but not called to testify, to the effect that, if he and the person to whom he was talking could not get liquor at respondent's house, they should go to another place, was properly excluded, as not being evidence against the State for any purpose.

In a prosecution for the illegal sale of intoxicating liquor, evidence offered by respondent, that a detective employed by the State, but

not called to testify, was himself engaged in the illegal traffic in intoxicating liquor, and was selling to the witnesses who testified against respondent, was wholly irrelevant, and was properly excluded.

INFORMATION for selling intoxicating liquor contrary to law. Plea, not guilty. Trial by jury at the Special Term of Windsor County Court, May, 1917, *Stanton,* J., presiding. Verdict, guilty. Respondent excepted. The opinion states the case.

*Charles Batchelder* for respondent.

*W. S. Pingree,* State's Attorney, for the State.

WATSON, C. J. The respondent stands convicted of unlawfully selling intoxicating liquor at her house in Royalton.

The State called as a witness one Charles Christopher, a log driver on White River at the time the offence is found to have been committed, who testified that he and one George Lawrence went into the respondent's house one afternoon in May, 1917, for the purpose of getting some liquor, and that he got a quart of whiskey there, but did not know whether he got it of the respondent or not; that he paid for the liquor, but did not remember of paying her; that he saw the respondent there, but saw no one else there on that occasion except other lumbermen. He further testified to drinking liquor there in the respondent's kitchen, taking the liquor he drank from the quart. John Collins, another log driver called as a witness by the State, testified to being at the respondent's house and in the kitchen with Charles Christopher and George Lawrence on the same occasion; that besides those who went there with him, he saw there no one except the respondent and a little girl; that another man whom they called "Scott", (whose name was in fact Balsar,) went up as far as the yard, but did not go into the house; that the witness got some whiskey there that day, but did not know who brought the whiskey out; that he first saw it on the table, but it was not on the table when he first went into the kitchen; that he could not say who called for the whiskey, but he had two drinks of it,—he, Christopher, and Lawrence were all drinking together. There was no cross examination of this witness. At the close of his direct examination, the respondent moved that the testimony

given by the witness be stricken from the record, on the ground that it utterly failed to connect the respondent with any illegal sale charged in the information. To the overruling of the motion, an exception was saved. This ruling was without error. The testimony of this witness, when taken with that given by the witness Christopher, was material, and tended to show the respondent guilty as charged.

The respondent introduced evidence tending to show that Balsar, mentioned above, was engaged in detective work, resulting, to some extent, in this prosecution being commenced, and that at the time when the witnesses Christopher and Collins were at the respondent's house on the occasion concerning which they testified, Balsar was lying on the ground by the side of the road. The respondent's son, a lad of fourteen years, testified that while Balsar was lying there, one of the men came from the house and that the two had conversation together. The respondent then offered to show by the witness that such conversation was had between them that Balsar said, ''Well, if you can't get any thing here let's get out of the way and go over to Faulkner's.'' The offered evidence was excluded and exception saved. Balsar was sworn as a witness, but was not called to testify. It is urged that the evidence for the State tended to show that Balsar let Christopher have a dollar before the latter went to the respondent's house, and therefore Balsar was financially and otherwise interested in the expedition, and further that the evidence tended to show, as claimed by the respondent, that no liquor was procured of her. As the case stood, the declaration was properly excluded. It was not evidence against the State for any purpose.

The respondent offered to show that Balsar was engaged in the illegal traffic in liquor himself, selling to the same men who testified against the respondent in this case. The evidence was excluded and exception noted. Such evidence was wholly irrelevant to any issue in this case, and was rightly excluded.

*Judgment that there is no error in the proceedings, and that the respondent takes nothing by her exceptions. Let execution be done.*