I am authorized to state that Mr. Justice Shangraw joins in this dissent.

## State of Vermont v. Oscar G. Goodsell et al

[165 A.2d 356]

September Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 1, 1960

*Thomas M. Debevoise,* Attorney General, for the State.

*Joseph S. Wool* for the respondent.

**Holden, J.** Oscar G. and Samuel J. Goodsell were tried by jury and convicted of breach of the public peace. They were brought to trial before the Grand Isle County Court on an information which alleged that in Isle La Motte, in that county, on June 18, 1959, the respondents "did then and there wilfully and unlawfully disturb and break the public peace by assaulting another person, to wit: David Beasley of Isle La Motte * * *."

After the verdict of guilty, the respondents moved to arrest the judgment. The motion was stated on two grounds. The first contention is that the information is insufficient in that it fails to allege the facts necessary to constitute the crime of which the respondents were convicted.

The prosecution is founded on 13 V.S.A. §1021 (1). This section provides that a person who breaks the public peace by assaulting, beating or striking another person shall be punished according to the penalty prescribed.

■ To withstand the challenge of a motion to arrest the judgment, a criminal complaint must set forth the offense with reasonable certainty to enable the accused to prepare the defense and receive constitutional protection against double jeopardy. *State* v. *Ryea,* 97 Vt. 219, 221, 122 A. 422; *State* v. *Gosselin,* 110 Vt. 361, 365, 6 A.2d 14; *State* v. *Cliffside, Inc.,* 120 Vt. 265, 266, 138 A.2d 310. No point is made as to time or place of the event. The first question, then, is whether the allegation that the respondents "assaulted David Beasley" meets the requirement which the law demands.

The answer is found in *State* v. *Burt,* 25 Vt. 373, 376. The question came to the Court by way of a demurrer. The indictment sought to charge the respondents with hindering an officer and common assault. Concerning the latter offense, the language of the indictment stated that the respondents "with force and arms, at Newbury afore-

said, in and upon one Andrew Renfrew, * * * an assault did make * * *."

■ Although the indictment was held insufficient as to the offense of impeding an officer, the opinion by Chief Judge Redfield regarded the allegation sufficient for a common assault, either at common law or under the statute, upon the matter of the breach of the peace. The authority of this decision fully justified the trial court's refusal to halt the judgment on the first ground stated in the motion.

The second aspect of the motion strikes at the manner in which the respondents were brought to trial. The record establishes that separate warrants were issued on the information on August 10, 1960. Each warrant bears a written return signed by the sheriff, which states that by virtue of the capias, the respondent named was arrested at Isle La Motte on August 10, 1960, the capias was read in his hearing and concludes with the words: "have him in Court as I am commanded."

The respondents contend the sheriff failed to bring them before an assistant judge or clerk of the county court for the purpose of fixing and taking bail as required by 13 V.S.A. §5653. In fact, they assert in their brief that no arrest was ever made on the warrants issued by the clerk on August 10, 1960.

■ Whether this claim is well founded or whether there has been a departure from the provisions of 13 V.S.A. §5653 are matters that cannot be settled without resorting to facts that do not appear in the record. Neither the trial court nor this Court on appeal are at liberty to examine the truth of this procedural fact on the motion presented. A motion in arrest reaches only defects that are apparent from the record alone. *Trow* v. *Thomas,* 70 Vt. 580, 584, 41 A. 652; *Boville* v. *Dalton Paper Mills,* 86 Vt. 305, 318, 85 A. 623; *Dyer* v. *Lalor,* 94 Vt. 103, 118, 109 A. 30. See also, 15 Am. Jur. Criminal Law, §436, p. 98; 23 C. J. S. Criminal Law §1515, p. 1334.

■ Moreover, the facts attested by the sheriff in his return are not open to dispute in this proceeding. As to the parties, the officer's return imports absolute verity and cannot be contradicted except in direct proceedings to amend or vacate it. *Bristol* v. *Noyes,* 106 Vt. 418, 422, 174 A. 924; *Shapiro* v. *Reed,* 98 Vt. 76, 80, 126 A. 496;

*McKinstry* v. *Collins and Love,* 76 Vt. 221, 232, 56 A. 985. It appears from the return that the respondents were brought before the court in the custody of the sheriff, on the day of their arrest. If the matter of bail concerned them it could have been settled then or at the time of their trial.

No error appears.

*Judgment affirmed. Let execution be done.*