## BLOOMBAUM *v.* STATE

[No. 152, September Term, 1964.]

*Decided March 15, 1965.*

*Motion for rehearing filed April 13, 1965, denied April 28, 1965.*

The cause was argued before Prescott, C. J., and Horney, Sybert, Oppenheimer and Barnes, JJ.

*Marvin Mandel* for appellant.

*Richard M. Pollitt, Special Attorney for Salisbury, Maryland,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy* and *James F. Tomes, State's Attorney* and *Assistant State's Attorney,* respectively *for Montgomery County,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted in the Circuit Court for Montgomery County, under Information 5619, of unlawfully having in his possession and under his control a narcotic drug, and unlawfully having a hypodermic syringe and needle in his possession for the purpose of unlawfully administering habit-forming drugs.

Represented here by experienced and able counsel, appellant concedes that if his arrest were legal, his conviction was justified.

The exact attack on the arrest is not explicitly pinpointed, but it apparently is a claim that police officers arrested appellant without an arrest warrant and without probable cause to believe that a felony had been committed and that he committed it; and the arrest was not for a misdemeanor committed in the officers' presence. However, during a full evidentiary hearing on the legality, *vel non,* of the arrest, the officers testified that at the time of the arrest, they had in their possession an arrest warrant for appellant, it was read to him, and one officer remembered "cepiing" it.

This evidence is not contradicted, and no attack is made upon the validity of the arrest warrant. No citation of authority is necessary to sustain the proposition that an arrest made by police officers in executing a valid arrest warrant is lawful, both under state and federal standards.

> *Judgment and sentence affirmed,*
> *costs to be paid by appellant.*