## JOHN DAVID *v.* STATE OF MARYLAND

[No. 290, Initial Term, 1967.]

*Decided August 22, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Louis J. Glick,* with whom were *Stanley Paul* and *Morton H. Perry* on the brief, for appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, John David, was found guilty by Judge Meyer M. Cardin, sitting without a jury, in the Criminal Court of Baltimore, under two indictments charging him, *inter alia,* with receiving stolen goods. He was sentenced to serve a term of ten years and a term of eighteen months, said sentences to run concurrently in the Maryland Penitentiary. He now appeals from his two convictions asserting that the evidence which served as a basis for these convictions was inadmissible in that his arrest and the subsequent search and seizure were illegal.

At the trial it was stipulated that the homes of Stanley Langbaum and Isadore Levin located in Baltimore City were broken and entered on September 7, 1966 and April 23, 1966, respectively, and that certain items were stolen therefrom which were collectively marked as State's Exhibits I and II.

The facts and circumstances that gave rise to the appellant's arrest for these crimes could have been found by the trier of fact from the testimony to be these: On September 7, 1966, at approximately 10:45 p.m., Officer Donald Worden of the Northwest Police District in Baltimore City, observed the appellant acting in a suspicious manner after seeing the patrol car. The appellant, who was carrying a suitcase, turned his head from side to side, kept looking back at the patrol car, then quickened his pace and went into a store. Officer Worden followed him and observed that the appellant, who was 66 years old, had two City College school rings and was carrying a pair of gloves in his pocket. He also noticed that the appellant was perspiring heavily and appeared to be nervous.

At the lunch counter within the store, the appellant dropped an identification bracelet on the floor with the name of Gerald Langbaum inscribed on it. The officer picked it up, returned it to the appellant and asked him his name. When he replied that it was John David, the officer told the appellant that he would like to talk with him outside. When they arrived out-

side, the appellant was asked what he was carrying in the suitcase and he replied that he had a radio and a floodlight which he used for a church. At this time a call came over the patrol car radio with respect to a breaking and entering at 5919 Bland Avenue, approximately 4½ blocks away. Officer Worden left to investigate and the appellant remained standing on the sidewalk talking to two other police officers. On arrival at 5919 Bland Avenue, Officer Worden learned that the complainant's name was Langbaum and he received information regarding the stolen articles. When the officer returned, he found the appellant seated on the back seat, where he had chosen to sit voluntarily, with his legs protruding from the side of the car, talking with the other officers. The suitcase was then opened with the appellant's consent and the officers observed articles inside matching the description of those taken in the burglary. At that point the appellant was arrested.

Although the appellant's version that he did not drop the bracelet and that he was arrested and searched on mere suspicion before the officers learned of the breaking and entering conflicts with that of the police officers, the court was under no obligation to believe the testimony of the appellant. *Spencer v. State,* 235 Md. 129, 200 A. 2d 643 (1964) ; *Ponder v. State,* 227 Md. 570, 177 A. 2d 839 (1962). It is for the trier of the facts to weigh the testimony and to determine the credibility of the witnesses and that determination will not be disturbed unless clearly erroneous. Maryland Rule 1086; *Green v. State,* 243 Md. 75, 220 A. 2d 131 (1966).

It is manifest that the evidence produced on behalf of the State, if believed by the trier of the facts, which it evidently was, was sufficient to establish that at the time of appellant's arrest, the police officers had reasonable grounds or probable cause to believe that a felony had been committed and that the appellant had committed the offense. *Avey v. State,* 1 Md. App. 178, 228 A. 2d 614 (1967) ; *McChan v. State,* 238 Md. 149, 207 A. 2d 632 (1965). Thus, where circumstances make an arrest without a warrant lawful, it is permissible, as an incident to the arrest, to search the person of the suspect and to take into custody and examine the tangible evidence of the crime, whether upon his person or within his present or immediate

670

possession. *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960). Furthermore, when one is approached by a police officer and merely questioned as to his identity and actions, this is only an accosting and not an arrest. *Duffy v. State,* 243 Md. 425, 221 A. 2d 653 (1966) ; *McChan v. State, supra.*

For the aforegoing reasons, the judgment of the lower court is affirmed.

*Judgment affirmed.*