## FRANKLIN GEORGE BOONE *v.* STATE OF MARYLAND

[No. 45, September Term, 1967.]

*Decided November 27, 1967.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Lee N. Sachs,* with whom was *Solomon Liss* on the brief, for
appellant.

*Lewis A. Noonberg, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Charles E. Moylan,
Jr., State's Attorney for Baltimore City,* and *Alan Lipson, As-
sistant State's Attorney for Baltimore City,* on the brief, for ap-
pellee.

PER CURIAM.

Appellant, Franklin George Boone, complains of his convic-
tion of robbery with a dangerous and deadly weapon in a non-
jury case in the Criminal Court of Baltimore, as a result of
which he was sentenced to fifteen years in the Maryland Peni-
tentiary.

Appellant's sole contention on appeal is that his motion to
suppress the evidence was improperly denied.

On August 13, 1965, at 5:25 p.m., Phillip Fleischer, had en-
tered his car in the 2200 block of Brunt Street, in Baltimore,
where he was robbed of his wallet by a "colored man, approxi-
mately 24 years old, dark complexioned, thin mustache, and a
black kerchief on his head." Mr. Fleischer had something less
than $110.00, including approximately 50 one dollar bills. At
5:30 p.m., the police broadcast for a man, wanted for holdup,
who was "male, colored, 24, dark complexioned, white sport shirt
with short sleeves, light mustache, processed hair with kerchief
over same." The broadcast also noted Mr. Fleischer's "white
1963 Dodge, License No. ER 2297" was also taken. Officer
Tricka, who responded, had knowledge of a similar robbery six
days prior and that the description was of a man 35 to 40 years
old, 5' 11" tall, small mustache, white T-shirt and dark pants. In
the prior incident, the stolen vehicle was located in the 900
block of Argyle Avenue. At approximately 6:00 p.m., Officer
Tricka located Fleischer's car in the 900 block of Argyle Ave-
nue, and was informed that the driver had gone east on Green
Willow Street towards Pennsylvania Avenue.

The police officers canvassed the bars and restaurants in the 1000 block of Pennsylvania Avenue, and at approximately 6:05 p.m. Officers Tricka and Johnson entered a bar and observed appellant and another man coming out of a dressing room. Appellant appeared to be approximately 5' 11" tall, weighing 180 pounds, wearing a white T-shirt and burgundy pants. The men looked at the police and then turned around and started toward the rear. Appellant threw something down the rear stairs. Officer Tricka approached appellant and noticed his hands were burned and recalled that a suspect in the prior robbery had stated the actual robber was a man with chemically burned hands. Officer Johnson retrieved the discarded package and found a processed hairpiece with kerchief. Appellant was then placed under arrest and searched. U. S. currency amounting to $66.21, including 30 one dollar bills, was found upon appellant. This money was introduced in evidence. There was no evidence that the search was voluntary.

It has long been the rule in this State that a police officer may arrest without a warrant where he has reasonable grounds to believe that a felony has been committed and that the person arrested has committed the felony. Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient to warrant a man of reasonable caution in the belief that an offense had been committed. *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960) ; *Jones v. State,* 242 Md. 95, 218 A. 2d 7 (1966).

Here, Officer Tricka knew that a robbery had been committed at 5:25 p.m., had knowledge of a prior robbery in the same area, knew both vehicles were abandoned in the same area, had located the vehicle involved in the robbery at 6:00 p.m. within a block of where appellant was found, had a good description of appellant, noticed appellant had burned hands and saw appellant discard a paper bag, as approached by the officers. The discarded bag was found to contain a processed hairpiece with kerchief as described by the victim. Upon viewing the contents, the officer placed appellant under arrest. Under the circumstances, we find that there was probable cause to believe that a felony had been committed and that the person arrested had committed the felony.

482

As the arrest was lawful, the currency found upon the appellant, resulting from the search of his person, was admissible in evidence. *Mulcahy v. State, supra; Jones v. State, supra.* Also prior to the arrest, the appellant was observed to have discarded the paper bag containing the hairpiece. In *Buettner v. State,* 233 Md. 235, 196 A. 2d 465 (1964), the Court held that one who abandons or discards property cannot complain with effect of the later seizure of such property by the police, or its use against him in court. See also *Henderson v. Warden,* 237 Md. 519, 206 A. 2d 793 (1965); *Matthews v. State,* 237 Md. 384, 206 A. 2d 714 (1965); and *Abel v. United States,* 362 U. S. 217, 241, 80 Sup. Ct. 683, 4 L. Ed. 2d 668 (1960). The processed hairpiece was also admissible in evidence. We find that appellant's motion to suppress the evidence was properly denied.

*Judgment affirmed.*