### JOHN R. ERVIN *v.* STATE OF MARYLAND

[No. 160, September Term, 1967.]

*Decided April 26, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Morris Lee Kaplan* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, State's Attorney for Baltimore City,* and *Bernard L. Silbert, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, John R. Ervin, was convicted in the Criminal Court of Baltimore by Judge Albert L. Sklar, sitting without a jury, of storehouse breaking and sentenced to not more than two years in the Maryland Correctional Institution, consecutive with the sentence he is now serving in that institution. He appeals from the judgment of the court.

On or about November 6, 1966, the place of business owned by Frederick W. Cox, Sr., located at 1101 James Street, in Baltimore, and operated under the name of Fritz Auto, was broken into and among the items missing were a portable T.V. set, valued at $100.00; a checkwriter, valued at $75.00; a portable radio, valued at $10.00; and the balance of a check-book, valued at $7.50. A number of checks remained in the check-book at the time it was stolen.

On November 7, 1966, Officer Howard Saukitis, in company with Officer Fred Entz, was cruising the area of Poppleton and Booth Streets when he observed appellant and a companion

standing in an alley, approximately fifty feet away. When appellant saw the police car, he threw several papers to the ground and fled with his companion. Officer Saukitis recovered the papers, which were found to be checks stamped with the firm name of Fritz Auto. The police officers, having received information prior thereto, that a burglary had taken place at Fritz Auto, pursued appellant and his companion and arrested them.

Following his arrest, appellant was taken to police headquarters where he gave a statement to the police. In the statement, he admitted taking the items previously mentioned as missing from Fritz Auto and stated that he had them stored in the basement of an abandoned house where he was staying. He took the police to that location where the goods were recovered.

I

Appellant's first contention is that his arrest was illegal since the police officers had no knowledge or suspicion of any felony committed by him, nor did they observe any misdemeanor committed in their presence.

There is no merit to this contention. When first observed by the two police officers, appellant and another man were acting in a suspicious manner. Upon observing the police, appellant was seen to throw some papers on the ground and he and his companion fled. The officers picked up the papers which were checks stamped with the name of Fritz Auto, a place of business previously burglarized, and of which the police officers had prior information. With this information in hand, the officers pursued appellant and his companion and arrested them.

It is well established that a police officer may arrest without a warrant if the arresting officer has reasonable cause to believe that a felony has been committed and that the person arrested committed the crime. Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Gaudio and Bucci v. State,* 1 Md. App. 455, 463, 230 A. 2d 700 (1967); *Boone v. State,* 2 Md. App. 479, 481, 235 A. 2d 567 (1967). Here there was probable cause for the arrest.

Moreover, the legality of the arrest is immaterial since no fruits of the arrest were received in evidence against appellant at the trial; the checks offered in evidence having been thrown away prior to his arrest. *Hutchinson v. State,* 1 Md. App. 362, 369, 230 A. 2d 352 (1967); *Stackhouse v. State,* 1 Md. App. 399, 405, 230 A. 2d 358 (1967).

Also, assuming the appellant had been illegally arrested, that fact alone would not render inadmissible a statement given by the appellant after his arrest, if shown to have been freely and voluntarily given. *Boone v. State,* 2 Md. App. 80, 93, 233 A. 2d 476 (1967).

## II

Appellant next contends that the statement given by him to the police was not freely and voluntarily given.

Appellant does not deny that the *Miranda* warnings were given him prior to questioning by the police, and the record transcript discloses that the four safeguards therein required were complied with by the police officer before appellant was questioned. *Robinson v. State,* 1 Md. App. 522, 526, 231 A. 2d 920 (1967). Appellant claims his statement was not voluntary because the officers advised him that no charges would be placed against him if the goods were recovered. Both officers denied making any promises to appellant before he gave a statement, and specifically denied advising him that no charges would be placed against him if the goods were recovered. The court was under no obligation to believe appellant's version as to what was said and reject the officers' version. *David v. State,* 1 Md. App. 666, 669, 232 A. 2d 553 (1967). Appellant further complains that the officers failed to explain to him that anything he said might be used *for him* as well as against him. (Emphasis supplied.) There was no duty on the part of the police officers to advise appellant that anything he said might be used for him, and *Miranda* requires no such duty. *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Appellant's second contention has no merit.

## III

Thirdly, appellant contends that the court erred in allowing appellant's record into evidence when testifying on the issue of voluntariness of his statement.

There is no merit to this contention. In *Boone v. State*, 2 Md. App. 80, 103, 106, 233 A. 2d 476 (1967), this Court held that where a defendant is a witness in his own behalf in a criminal case, he thereby puts his character in evidence and he may be asked on cross-examination if he has been convicted of a crime, and such cross-examination is equally pertinent and allowable when the appellant testifies on the limited issue of the voluntariness of his statement.

### IV and V

Appellant's fourth and fifth contentions relate to the denial of appellant's motion for a judgment of acquittal and the sufficiency of the evidence. These may be considered together.

In reviewing the sufficiency of the evidence in a non-jury trial, it is the function of this Court to determine whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *McFadden v. State*, 1 Md. App. 511, 517, 231 A. 2d 910 (1967).

The recent possession of the stolen checks, together with appellant's statement and the recovery of the stolen articles, were sufficient evidence to sustain the lower court's findings. The weight of the evidence and the credibility of the witnesses are matters for the trier of facts to determine. *Dunlap v. State*, 1 Md. App. 444, 447, 230 A. 2d 690 (1967).

*Judgment affirmed.*