## CLAYBURN PARKS *v.* STATE OF MARYLAND

[No. 331, September Term, 1967.]

*Decided June 24, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Millard S. Rubenstein,* with whom was *Roland Walker* on the brief, for appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donald Needle, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert W. Baker, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted by the court sitting without a jury under two separate indictments charging (1) grand larceny on July 6, 1967 of the property of Marie Matusky, consisting of certain clothing, and (2) robbery of Leonard Nunnally with a deadly weapon on the same date. He was sentenced to seven years under the jurisdiction of the Department of Correction on the robbery conviction and eighteen months concurrently on the larceny conviction. He contends on this appeal (a) as to the grand larceny conviction, that he was illegally arrested and that items seized from him as a result of such illegal arrest were improperly admitted into evidence at his trial, and (b) as to the offense of robbery with a deadly weapon, that the prosecut-

ing witness's identification of him as the robber was inadmissible.

The pertinent facts pertaining to the conviction for larceny are these: At approximately 2:00 a.m., on July 6, 1967, Officers John Koch and James Dowdy, while cruising in their police car in Baltimore City, observed two men, later identified as the appellant and Jerry Brown, walking on South Charles Street, each carrying a bundle of clothing. As the officers approached the two men in their car, Brown threw his bundle on the pavement and both men continued walking. The officers emerged from their car and questioned the men, neither of whom gave any explanation as to "where they got the clothes." The officers then arrested the two men for littering. At the trial, it was admitted that only Brown littered the street with his bundle of clothing and that appellant at no time discarded his bundle. There was an objection to the admissibility of the clothing taken from the appellant at the time of the arrest. The court admitted the evidence on the ground that appellant's arrest for littering was lawful, and that consequently the seizure of the clothing incident thereto was also lawful.

Although it is not clear from the record, it would appear that appellant's arrest for "littering" was based upon Section 468 of Article 27 of the Maryland Code (1967 Repl. Vol., 1967 Supp.), which makes it a misdemeanor for any person, without consent, to throw or deposit "any trash, junk or other refuse upon the land or property of another," including "any public property, * * *." Assuming, without deciding, that disposing of a bundle of clothing on a public street or sidewalk would constitute a violation of this statute, and hence in this case would comprise a misdemeanor committed in the officer's presence, for which he might make an arrest without a warrant, we think it clear that the offense was committed, not by the appellant, but by Brown. Under these circumstances, and there being no evidence upon which to conclude that appellant shared a common criminal design with Brown, nor any contention that the arrest was based upon probable cause to believe that appellant had committed a felony, we think the arrest was clearly unlawful; and the introduction of evidence at the trial relating to the bundle of clothing seized from appellant at the time of his ar-

rest was clearly improper and constitutes reversible error. See *Randolph v. State,* 1 Md. App. 441. Cf. *Ervin v. State,* 4 Md. App. 42; *Norfolk v. State,* 4 Md. App. 52.

The pertinent facts pertaining to appellant's conviction for robbery with a deadly weapon are these: After appellant and Brown were arrested, they were promptly taken to the police station, where Leonard Nunnally, a cab driver who had been robbed earlier that evening, was in the process of making a report to the police. He identified appellant and Brown as the two men who had robbed him at the point of an empty beer bottle at approximately 1:30 a.m. the same morning. Nunnally also identified appellant at the trial as the robber.

Appellant contends on the authority of *Wong Sun v. United States,* 371 U. S. 471, that Nunnally's identification of him was inadmissible as it was the product of an illegal arrest. The contention is without merit. It has been held repeatedly that the doctrine of *Wong Sun* was not intended to, and does not, control prosecutions in State courts and that the testimony as to the identification of an unlawfully arrested accused by the victim is not inadmissible as being the fruit of an illegal arrest. See *Tender v. State,* 2 Md. App. 692; *Nadolski v. State,* 1 Md. App. 304.

> *As to indictment 3524 (grand larceny):*
> *Judgment reversed; case remanded*
> *for a new trial.*
> *As to indictment 3523 (robbery with a*
> *deadly weapon):*
> *Judgment affirmed.*