## CHARLES J. BOUCHER *v.* WARDEN, MARYLAND PENITENTIARY

[No. 120, September Term, 1967.]

*Decided September 13, 1968.*

Before Murphy, C.J., and Anderson, Morton, Orth, and Thompson, JJ.

Orth, J., delivered the opinion of the Court.

On 29 March 1967 the applicant was found guilty of forgery and uttering by a jury in the Circuit Court for Montgomery County and sentenced to imprisonment for a term of 4 years on each offense, the sentences to run concurrently. On appeal this Court affirmed the judgments. *Boucher v. State,* No. 175, September Term, 1967, filed 29 February 1968, unreported. On 12 June 1967 the applicant, in proper person, filed a petition for relief under the Uniform Post Conviction Procedure Act. Counsel was appointed to represent him on 29 June. The State answered the petition on 10 July. On 11 July, by order of court, appearance of counsel was stricken and other counsel appointed. On 7 August another petition for relief under the Act was filed in proper person. By order of court of 21 September leave was granted upon motion made by the applicant to amend the petition of 12 June and withdraw the petition of 7 August. The amended petition was filed on 2 October and answered by the State on 20 October. The amended petition alleged that the applicant had been illegally tried, convicted and sentenced and deprived of his constitutional rights in that:

1) His "identity and whereabouts were revealed to the Montgomery County, Maryland Police Department by means of an unlawful arrest without a warrant by the Washington, D. C. Police Department";

2) Fruits of the illegal arrest were used to convict him;

3) The identification of him at the trial by the manager of the food store where the forged check was uttered was improper and prejudicial because the manager had been theretofore shown a single photograph of him taken by the Washington, D. C. Police Department. This was

prejudicial: The manager was thereby informed that the applicant had been arrested on criminal charges in the District of Columbia; and the photographic procedure was impermissibly suggestive because only one and not several photographs had been shown. The applicant claimed that the perjudice was compounded "because the manager was told by one Montgomery County detective that the petitioner when arrested had in his possession some of the same type of checks that the Manager had cashed," which was a "false statement."

After an evidentiary hearing held 30 October in the Circuit Court for Montgomery County, Judge Plummer M. Shearin presiding, the relief prayed was denied.[1] An order to that effect and accompanying memorandum was filed 1 December. The applicant, in proper person, filed a "Notice of Appeal" on 6 November, merely stating that he "appeals the decision of Judge Shearin in his post conviction hearing" but on 30 November an application for leave to appeal was filed on his behalf by his attorney containing allegations, the substance of which are summarized. The applicant "was not allowed to present evidence" concerning the allegations raised. He had summoned three witnesses. Two appeared. The third, a detective of the Washington, D. C. Police Department did not appear and a request for continuance to procure him was denied. The witnesses who appeared "were not permitted to testify as to the main points raised." The manager who identified the applicant at the trial and a detective of the Montgomery County Police were not permitted to testify "concerning the circumstances" in which the manager had identified the applicant, objection thereto being sustained on the ground that the question had been litigated at trial. "This was error because the question of prejudicial identification and the manner of identification had not been raised at trial and had not been waived." A petition filed 11 October to employ a handwriting expert was denied. The reason for the

---

1. At the hearing Judge Shearin denied five petitions for writ of habeas corpus previously filed by the applicant "since petitioner, through his counsel, concedes, in effect, that the petitions for Writs of Habeas Corpus state no grounds upon which this Court could grant relief."

request was to show that the applicant did not sign the check admitted against him. The applicant contends that the court erred in precluding the proffered testimony, in denying the continuance and in denying the petition for the employment of the handwriting expert. As a further reason why the order should be reversed he alleges that "the State admitted that the cashier at the store who allegedly received the check in question from the defendant was unable to identify the defendant as the man who passed the check." In a memorandum in support of the application for leave to appeal, counsel for the applicant asserts: "Neither the accused nor his trial attorney had known that fact at the time of trial and it only came out by accident at the post conviction hearing. The fact that the cashier could not identify the accused is exculpatory because, if offered in evidence, it reasonably might have cleared or tended to clear him of guilt in the eyes of the jury." He claims that this was a suppression of material evidence exculpatory to him.[2]

The hearing court found, "assuming, without deciding, that the arrest, search and seizure in the District of Columbia were unlawful, the petitioner has failed to sustain his claim that the fruits thereof were used to convict him in Montgomery County of the crime for which he is now incarcerated. It is apparently conceded that no physical evidence so obtained was used at the trial of the petitioner in this court." Since no fruits of the arrest were received in evidence against the applicant, the question of the legality of the arrest was immaterial. *Ervin v. State,*

---

**2.** At the hearing the applicant moved to set aside his conviction on the ground the State had not answered his original petition within 15 days. The court denied the motion because the applicant failed to show any prejudice by the delay in answering and because the petition to file an amended petition, which was granted, waived any right to object to the failure to answer the original petition within the time prescribed. Although Md. Rule BK43a states that the State's Attorney shall respond by answer or motion, within 15 days of the docketing of the petition, or within such further time as the court may order, it provides no sanction for failure to comply. And the applicant must show prejudice by the failure of the State to comply in proper time. *Bonner v. Director,* 237 Md. 445. In any event the applicant did not present this matter in his application for leave to appeal and thus is deemed to have abandoned it.

4 Md. App. 42; *Hutchinson v. State,* 1 Md. App. 362. An illegal arrest does not affect the jurisdiction of the court, is not a ground for dismissing an indictment or information, and does not preclude trial and conviction for the offense. *Nadolski v. State,* 1 Md. App. 304. The applicant's "identity and whereabouts" were not revealed to the Montgomery authorities by a search within the concept of "unreasonable search and seizure" as it relates to physical evidence obtained. The identification of an accused is not "tangible" evidence which is the fruit of an unlawful search and the doctrine of *Wong Sun v. United States,* 371 U. S. 471, even if applicable in such circumstances as here presented, does not control prosecutions in this State. *Veihmeyer v. State,* 3 Md. App. 702; *Tender v. State,* 2 Md. App. 692. Therefore the hearing court did not err in precluding evidence as to the legality of the applicant's arrest. And since it appears from the Application for Leave to Appeal that the testimony of the missing witness was desired on this issue, the court did not err in refusing a continuance to obtain his testimony.

We find no abuse of discretion in the denial by the lower court of the petition to employ a handwriting expert in an effort to prove that the check uttered was not signed by the applicant. The sufficiency and weight of the evidence is no ground for post conviction relief. *Nixon v. Director,* 1 Md. App. 14. And we found on direct appeal that the evidence adduced at the trial on the merits was sufficient to sustain the conviction so the matter has been finally litigated. Md. Code (1967 Repl. Vol.) Art. 27, § 645A (b).

The allegations with respect to the identification of the applicant present more difficulty. At the trial a manager of the store where the check was cashed testified that one of his duties was to approve checks above a certain limit, that the applicant came to him and inquired if he would accept a check, which the applicant exhibited, that the manager told him it would be accepted if proper identification were shown, that the applicant upon the purchase of merchandise presented to a cashier the check endorsed "John D. Webb" and an Encyclopedia Britannica identification card with the picture of the applicant on it and the name John D. Webb, purporting Webb to be an em-

ployee of that company, that the cashier submitted the check to him and he approved it. Without objection being made, he identified the applicant as the one who presented the check and identification card. He also testified that he had previously identified a police picture as one of the applicant. The cashier was not called as a witness.

The applicant contends that the hearing judge precluded evidence as to the circumstances surrounding the in-court identification, sustaining objections thereto on the ground that the matter had been litigated at trial. In his memorandum opinion the hearing judge disposed of the allegations with respect thereto by stating "[I]t appears that this issue was raised at the trial and was fully litigated thereat. The petitioner may not use the Post Conviction Relief Act as a vehicle for relitigating that question." We do not agree that the issue was finally litigated. An allegation of error is deemed to be finally litigated when the Court of Appeals or this Court has rendered a decision on the merits thereof either on direct appeal or upon consideration of an application for leave to appeal filed under the Post Conviction Act. As to a court of original jurisdiction it is only when such court, after a full and fair hearing, has rendered a decision on the merits thereof upon a petition for a writ of habeas corpus or a writ of coram nobis that an allegation of error is deemed finally litigated, and then only when such decision is not clearly erroneous. Md. Code (1967 Repl. Vol.) Art. 27, § 645A (b). The question here is whether the allegation of error as to the identification may be deemed to have been waived by the applicant's failure to make it at trial or on direct appeal. If he could have so made it but "intelligently and knowingly" failed to do so, it is deemed to have been waived unless the failure shall be excused because of special circumstances. And there is a rebuttable presumption when he could have so made it and did not, that he "intelligently and knowingly" failed to make it. Code, Art. 27, § 645A (c).[3] The Uniform Post Conviction Procedure Act thus incorporates the principles enunciated in *Fay v. Noia,* 372 U. S. 391, *Henry v. Mississippi,* 379 U. S. 443 and *Townsend v. Sain,* 372 U. S. 293. See *Stros-*

---

3. The provisions of Code, Art. 27, § 645A(d) are not applicable in the instant case.

58

*nider v. Warden,* 245 Md. 692. In his petition under the Act the applicant asserted no special circumstances to excuse his failure to make the allegation of error as to the identification and presented no facts to overcome the presumption that he intelligently and knowingly failed to make it. But he now urges that for the first time at the post conviction hearing that by the admission of the State, he learned that the cashier, not called as a witness by the State at the trial on the merits, was unable to identify him. He claims that neither he nor his trial attorney "had known that fact at the time of trial and it only came out by accident at the post conviction hearing." He urges also that the State withheld or suppressed this evidence. If there had been such withholding or suppression of evidence and the evidence was found to be significant and material, the applicant might be entitled to relief. *State v. Tull,* 240 Md. 49; *Tucker v. Warden,* 243 Md. 331. But the mere failure of the State to call a witness does not amount to suppression of evidence where the defendant had full opportunity to call the witness. See *Howington v. Warden,* 234 Md. 610. We are unable to determine these matters from the record before us. We think that the application for leave to appeal must be granted and the case remanded for further proceedings as follows:

1) The determination by the lower court of the question as to the suppression of evidence. If it finds that significant or material evidence was suppressed by the State, the applicant would be entitled to a new trial. If it finds that such evidence was not so suppressed, then and in that event—

2) The lower court should determine whether the allegations of error in regard to the in-court identification of the applicant are deemed to have been waived by the intelligent and knowing failure of the applicant to make them at trial or on direct appeal. We note that the burden of proving the existence of special circumstances to excuse the failure to make the allegations and to rebut the presumption that he intelligently and knowingly failed to make them are upon the applicant. If it finds that the allegations of error were waived the applicant is not entitled to relief. If it finds that they were not waived, then and in that event—

3) The lower court should determine whether the in-court identification of the applicant was proper or whether it was so tainted by an extra-judicial identification or other circumstances as to render it inadmissible. See *Rath v. State,* 3 Md. App. 721. If the in-court identification was proper the applicant is not entitled to relief. If such identification was improper, the applicant is entitled to a new trial.

Of course the applicant and the State should be afforded the opportunity to present such evidence as may be relevant and material to the issues before the lower court in the course of the proceedings.

*Application granted; case remanded for further proceedings in accordance with this opinion.*