### State of Vermont v. Gordon Stewart

[274 A.2d 500]

No. 102-69

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Larrow, Supr. J.

Opinion Filed February 9, 1971

*Frank G. Mahady,* State's Attorney, for the State.

*William M. McCarty, Jr.,* Brattleboro, for Defendant.

**Barney, J.** After a search of the premises where the respondent lived, he was charged with the offense of possession of a regulated drug called Demerol, with intent to sell the same, in violation of 18 V.S.A. § 4224(d). The respondent's motion to suppress was denied, and he went to trial. He was found guilty and brings this appeal, asserting fatal defects in the search warrant proceedings, and a factual shortage in the proof of guilt so gross as to require the invalidation of the conviction.

A warrant was issued authorizing a search for regulated drugs at the residence of the respondent, giving the street address. The search was made and a quantity of material seized, including some items taken from the crotch of a tree in the back yard of the premises. Just prior to the impanelling of the jury, a motion to suppress was filed and heard. Upon its denial, the case proceeded.

The challenge to the warrant is broad, and we will undertake to treat the issues in the order they arose. The application was made to a district judge, a magistrate authorized to issue such warrants under 13 V.S.A. § 4701. The application was accompanied by an affidavit under oath, made by the state's attorney, as called for in 13 V.S.A. § 4702. Also attached to the application was a statement, asserted to be under oath, setting forth, by an eyewitness, observed facts, in specific detail, concerning the use and secretion of drugs on the premises to be searched. This was signed, but had no proper jurat attached. That shortcoming was accounted for, but not until after issuance.

First, it should be noted that the Vermont statutory requirements were fulfilled. The significant question is whether the Fourth Amendment requirement of a showing of probable cause, supported by oath or affirmation, before the magistrate, was satisfied. *Spinelli* v. *U.S.,* 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584 (1969), gives guidance in the matter. Mr. Justice Harlan defines the test, derived from *Aguilar* v. *Texas,* 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509 (1964), as two-pronged. One, the application must set forth sufficient underlying circumstances to enable the magistrate to make an independent judgment as to the validity of the information received by the applying officer. Second, there must be something in the application sustaining the credibility of the source of the information and the reliability of what is reported. The

detail, precision and specificity of the informant's report may be taken in aid of all this.

Treating the eyewitness here as the informant referred to in these cases, as it seems clear is proper, his declaration and description of his first-hand knowledge meet even the stringent requirements claimed for the *Aguilar* case by Mr. Justice White in his concurrence in *Spinelli* v. *U.S.*, *supra*, 393 U.S. at 425.

■ With the informant's facts before him, supported by the state's attorney's application, the judge had sufficient probable cause demonstrated to support the issuance of the warrant; and could, for himself, evaluate the persuasiveness of the facts relied on in the application. *Aguilar* v. *Texas*, *supra*, 378 U.S. at 114. The warrant was validly issued.

■ It is also contended that the search warrant was defectively general in its description of the articles to be seized, and insufficiently particular in defining the premises to be searched. The warrant was a direction to search for "contraband, to wit, regulated drugs" and designated the place to be searched as "the residence of one Gordon Stewart" and gave a description and the street address, including the town. In *Steele* v. *U.S.*, *No. 1*, 267 U.S. 498, 503–04, 69 L.Ed. 757, 760–61, 45 S.Ct. 414 (1925), it is said that a description of the premises is adequate if the officer can, with reasonable effort, ascertain and identify the place intended. In that case, too, the description of the contraband sought as "cases of whiskey" was not only not too broad, but justified the taking of it in jugs and barrels, the seizing of gin, alcohol and bottling machinery, above and beyond the whiskey taken in cases. The warrant met constitutional requirements in this particular, also.

■ At some point during the search of the house, an officer went to a tree in the yard and recovered some objects from the crotch of the tree. This is challenged by the respondent as an unauthorized aspect of the search. It involves a concept called curtilage "the open space situated within a common enclosure belonging to a dwelling house." Ballantine's Law Dictionary 300 (3rd ed. 1969).

■ The curtilage is usually considered sufficiently within the premises to be subject to Fourth Amendment protection. If the tree was within this protected area, it was also within the scope of the warrant. If, however, the tree was without the curtilage, under *Hester* v. *U.S.*, 265 U.S. 57, 58, 68 L.Ed. 898, 900 (1924), the search was unobjectionable even if made without a warrant and as a trespass. Since the entry here was authorized by the warrant, the search of the tree was certainly valid under either view of the matter.

■ ■ The arrival of the officers brought the mother of the respondent, one of the owners and occupants of the premises, to the door. The warrant was read to her and she was served with a copy. This was required on account of her capacity as an owner. As to her, the search of the premises was then lawful, and any contraband or like material found there was proper for seizure, even though it may have been the secreted property of the respondent. *Frazier* v. *Cupp*, 394 U.S. 731, 740, 22 L.Ed.2d 684, 693–94, 89 S.Ct. 1420 (1969). It cannot be questioned that the respondent has standing, as an occupant, to challenge the lawfulness of the search. However, he is also bound by the lawfulness of the search of his parent's property. *Bumper* v. *North Carolina*, 391 U.S. 543, 548, 20 L.Ed.2d 797, 802, 88 S.Ct. 1788 (1968).

But the respondent further objects to the search because he claims that no service of the warrant was made on him, and his room was entered without his consent while he was in it. His position is that this is contrary to *Sabbath* v. *U.S.*, 391 U.S. 585, 20 L.Ed.2d 828, 88 S.Ct. 1755 (1968).

■ There is certainly no doubt under present law that he has standing to object to an illegal search of his own room. *Jones* v. *U.S.*, 362 U.S. 257, 267, 4 L.Ed.2d 697, 706, 80 S.Ct. 725 (1960). The first question is, did such a search occur. The evidence at the suppression hearing left that issue indeterminate, even taking the evidence in the light most favorable to the respondent. But this is of no consequence in any event, because the evidence is undisputed that nothing from any search of his room was offered in evidence. Thus, he has no grounds for complaint. An illegal search does not operate to oust jurisdiction. See *DeBaca* v. *Trujillo*, 167 Colo. 311, 447 P.2d 533 (1968), *Boucher* v. *Warden*, 5 Md. App. 51, 245

A.2d 420, 423 (1968). It simply bars the admission of such evidence in proceedings against the respondent. *Alderman* v. *U.S.*, 394 U.S. 165, 171, 22 L.Ed.2d 176, 185, 89 S.Ct. 961 (1969). Here there was nothing from the respondent's room to bar.

■ ■ The respondent further seeks suppression of the evidence seized because the search warrant was not filed with the court for some ninety days after execution. This, he says, was a violation of the directive in the writ itself that the contraband be brought forthwith before the court. But the filing of the executed warrant does not govern the delivery of the contraband. The officer's return, which must be accepted as the fact of the matter in these proceedings under *State* v. *Goodsell,* 122 Vt. 99, 101, 165 A.2d 356 (1960), reports delivery of the material to the court on the day of the search. Moreover, if the facts were as the respondent claims, he has not discharged his burden of showing prejudice. *State* v. *Fairbanks,* 101 Vt. 30, 34, 139 A. 918 (1928). Without such a showing the time of making the return is inconsequential. 47 Am.Jur. *Searches and Seizures* § 43.

The respondent also asks us to reconsider our holding in *In re Davis,* 126 Vt. 142, 224 A.2d 905 (1966). That case says that the evidencing of probable cause is sufficiently exemplified by the swearing to the arrest warrant on his oath of office by the state's attorney. In view of the demonstration here before the magistrate in connection with the search warrant, it would be particularly inappropriate for us to do so in this case, even were this Court so disposed. That there has been any lack of due process in this case has not been made to appear.

. ■ Contrary to the respondent's contention, we do not find that the provisions of 13 V.S.A. § 4702 entitle officers seeking search warrants to neglect constitutional standards. Our examination of the process issued here has been in line with the law as delineated by the United States Supreme Court, since no search warrant can fall short of those standards and be valid. *Mapp* v. *Ohio,* 367 U.S. 643, 657, 6 L.Ed.2d 1081, 1091, 81 S.Ct. 1684, 84 A.L.R.2d 933 (1961). Here we have found no shortage.

At the trial exception was taken to the introduction of certain syringes, empty bottles and cartons seized under the warrant. The claim was that this material had no tendency to establish the crime with which the respondent was charged. We disagree.

The respondent was charged with knowingly and unlawfully possessing a regulated drug, Demerol, with intent to sell. Evidence disclosed that on or about the 15th day of February, 1969, the respondent, in the company of another, stole a quantity of drugs, including Demerol, and related material, from a veterinary clinic. They took it to the respondent's house, where it was secreted in the basement, in and around the coal bin. A witness testified to being at the premises at this time and, in the company of the respondent, using Demerol that was kept in the house. Another witness testified to being present at this period when the respondent sent various members of his family, including his nine and eleven year old sisters, and the witness, to the cache of drugs in the cellar to bring quantities up for the use of the respondent and others with him. This use took place in the presence of the witness. This evidence tended to show the respondent to be guilty of the charge. *State* v. *Ceresa*, 92 Vt. 190, 191–92, 102 A. 1040 (1918).

In support, an empty bottle labelled Demerol, that was tested and found to have a Demerol residue in it, empty Demerol cartons, syringes, and needles were put in evidence as part of the material seized. They were properly received, for corroberative purposes if for no other. The presence of other medication, probably suitable only for veterinary purposes, although not the basis of any drug charge against the respondent, tended to confirm the testimony concerning the acquisition and concealment of all the material by the respondent. Their presence in the case did not constitute prejudicial error. It is clear that there was abundant evidence on each of the elements of the crime charged to support the jury's verdict of guilty.

The respondent claims error in an explanation given by the judge concerning the admissibility of these other items and substances found in the search. At the time of their admission the judge was indicating to the jury that these things were

not in the case to prove a sale of anything other than the Demerol charged, but were circumstantial evidence to be weighted in connection with the establishing of the charge against the respondent. As he promised at the time, the judge later fully charged the jury on the proper treatment of circumstantial evidence. The respondent has raised no question here about that later charge. He called no error in that particular in the later charge to the attention of the trial court. Furthermore, taking the charge in its entirety, as we must, we find no error. *State v. Morrill,* 127 Vt. 506, 511, 253 A.2d 142 (1969).

*Sentence affirmed.*